[No. 13330.    Department Two. — January 16, 1890.]

# HENRY SILVERMAN, APPELLANT, *v.* LOUIS GUNDELFINGER ET AL., RESPONDENTS.

ESTATES OF DECEDENTS — PROBATE SALE — PETITION — STATEMENT OF VALUE — COLLATERAL ATTACK — SUBSTANTIAL COMPLIANCE WITH LAW. — A substantial compliance with the law in regard to probate sales is sufficient as against a collateral attack. Such a sale cannot be objected to as void for want of jurisdiction in ejectment by an heir of the decedent against the purchaser, upon the ground that the petition for the sale failed to state the value of the property sought to be sold, if it stated that a full description of all the real estate of which the said decedent died seised, etc., and the condition and value of the said real estate, are set forth in a certain schedule annexed to the petition, which gave a full description of the property in contest, and showed its condition and appraised value. In the absence of a special demurrer for uncertainty, the averment in the body of the petition may be taken as an averment that the amount named in the schedule was the present value of the property at the time of the petition.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*W. D. Grady,* for Appellant.

*Tupper & Tupper,* and *Jarboe, Harrison & Goodfellow,* for Respondents.

McFARLAND, J. — Action to recover possession of an undivided interest in real property, described as lots 30, 31, and 32, in block 61, in the town of Fresno. Judgment went for defendants, and plaintiff appeals.

Plaintiff claims title as heir of H. D. Silverman, deceased; and defendants claim under probate sale made during the administration of the estate of said deceased. Appellant contends that the probate sale was void, because the petition upon which it was based was too defective to give the probate court jurisdiction; and the particular defect of the petition which he specifies is its alleged failure to state the value of the property sought to be

sold, as required by section 1537 of the Code of Civil
Procedure.   The petition, which was made by the ad-
ministratrix, shows that the inventory and appraisement
were made September 25, ·1887, — but a little over five
months before the petition itself was filed.   The language
of the petition which bears upon the question here in-
volved is as follows: "That a full description of all the
real estate of which the said decedent died seised, or in
which he had any interest, or in which the said estate
has acquired any interest, and the condition and value
of the said real estate, are set forth in the schedule
marked 'D,' hereunto annexed, and made part of this
petition."   And the property in contest in the case at
bar is described in the schedule "D" as "one undivided
half of lots Nos. 30, 31, and 32, in block 61, situated
in the town of Fresno, with brick and frame build-
ings thereon, which is partnership property of the
former firm of Silverman & Reinstein; the said one-
half interest was appraised at seven thousand dollars."
And the point of appellant is, that the court was utterly
without jurisdiction to order the sale, and the sale en-
tirely void, because the petition does not clearly state
that seven thousand dollars was the value of the property
at the time the petition was made.   But to hold this
point good on a collateral attack would be to enforce a
strictness of literal compliance with the statute beyond
all reason.   Substantial compliance has always been held
sufficient.   (*Stewart* v. *Allen,* 16 Cal. 474; *Richardson* v.
*Butler, ante,* p. 174.)   Upon a special demurrer, perhaps a
court might require a little more certainty; but there
surely was not such a total want of a statement of values
as renders the petition defenseless against the attack made
here, which is in the nature of an objection in an ordi-
nary civil action that the complaint does not state facts
sufficient to constitute a cause of action.   The averment
in the body of the petition may fairly be taken as an aver-
ment that the amount named in the schedule was the

present value of the property. And at all events, as was said in *Richardson* v. *Butler, supra,* the petition, on this point, fully and fairly answers the purpose of the provisions of the code.

With these views it is not necessary to notice the other points discussed by counsel for respondents.

Judgment and order denying a new trial affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.