[No. 6,700.—Department No. 1.]

## ESTATE OF BOLAND.

APPEAL—PARTY AGGRIEVED—DEFINITION—ESTATES OF DECEASED PERSONS.—
Upon an appeal from an order directing a resale of real property, which had been previously sold by the administratrix, and confirmed to the appellant as purchaser, *held*, that the appellant, though not an actual party to the proceedings in the Court below, was a party aggrieved, and entitled to appeal under §§ 969 and 938 of the Code of Civil Procedure.

ESTATES OF DECEASED PERSONS—SALE OF REAL ESTATE—PETITION—JURISDICTION.—A petition for the sale of real estate, whether under § 1530, or under § 1537, Code of Civil Procedure, must, in order to give the Court jurisdiction, set forth the *condition* of the property, and, if under the latter section, it must be verified.

ID.—ID.—ID.—ID.—Proceedings for the sale of real estate, in the Probate Court, are in the nature of an action, and the jurisdiction of the Probate Court depends absolutely on the sufficiency of the petition—in other words, upon its substantial compliance with the requirements of the Probate Law.

APPEAL from an order of the Probate Court of the County of Sierra, directing a resale of real property. HOWE, J.

*Creed Haymond, J. W. Turner,* and *Thos. Rutledge,* for Appellant.

The Probate Court had no power to vacate the order confirming the sale of real estate. (Code Civ. Proc. § 1554.) It was not necessary that the petition should be verified. (Code Civ. Proc. §§ 1529, 1530, 1533.) All the description contemplated or made necessary by the Code was given in the petition. (*Fitch* v. *Miller,* 20 Cal. 352.) Appellant is the party aggrieved by the order appealed from, and may appeal. (*Adams* v. *Woods,* 8 Cal. 314 ; § 933, Code Civ. Proc. ; *Williams* v. *Gwyn,* 2 Saund. 40.)

*F. D. Soward,* and *Tubbs & Cole,* for Respondent.

The Court had no jurisdiction to make the first order of sale, as the petition failed to set forth the facts required by § 1537 of the Code of Civil Procedure. (*Pryor* v. *Downey,* 50 Cal. 383 ; *Haynes* v. *Meeks,* 20 id. 312 ; *Townsend* v. *Gordon,* 19 id. 189.) Even if the petition was sufficient, the Court rightly vacated the order. (Freeman on Judgments, §§ 98, 100 ; *Millspaugh* v. *McBride,* 7 Paige, 509 ; *Delaplaine* v. *Lawrence,* 10 id. 602.)

McKEE, J.:

This is an appeal from an order of the Probate Court of Sierra County, authorizing the administratrix of the estate of D. Boland, deceased, to resell certain real property of the estate, which had been formerly sold by the administratrix, and confirmed to the appellant as purchaser.

It is objected that the appellant was in no way a party to the order directing a resale, and cannot, therefore, appeal. An appeal may be taken by any party aggrieved, from an order of the Probate Court against or in favor of directing the partition, sale, or conveyance of real property. (§§ 969, 938, Code Civ. Proc.)

The appellant describes himself in his notice of appeal as " a purchaser who purchased and paid for the real estate of deceased, described in and confirmed to him by an order of the Probate Court, made and entered December 9th, 1878." As-

suming that he is a party aggrieved by the order from which
he appeals, (*Adams* v. *Wood*, 8 Cal. 306 ; *Dennis* v. *T. M. W.
Co.* 10 id. 369) and that the order itself is appealable, we find
nothing in the transcript to indicate upon what the order was
made, except it be the petition upon which the Court had acted
in making the original order of sale. But the Probate Court
had, on the 30th of December, 1878, vacated and annulled the
decree of confirmation of the previous sale, the sale itself, of
which the decree was confirmatory, and the order of sale upon
which the sale had been made, upon the following grounds, as
set forth in the annulling order, to wit :

" That the petition praying for an order of sale of said real
property filed herein August 30th, 1878, *is not verified, and
does not particularly describe, nor describe at all, the condition
of the property sought to be sold.*

" That the condition of said property was not proved at the
hearing had pursuant to said petition on October 5th, 1878 ; and
that the condition of said property is not set forth in the order
of sale made herein, October 5th, 1878, nor in the decree con-
firming said sales of real property made herein, December 9th,
1878.

" Wherefore, by reason of the last above recited facts and the
premises, it appears that all the said proceedings are void in
this, that the Court never acquired jurisdiction."

Neither the appellant nor any one else complained of this an-
nulling order or decree. No appeal from it was taken by any
one purporting to have been aggrieved by it. It stands in full
force, unappealed from and unreversed; and if the grounds
upon which it was made be correct, there was nothing in the
application for a sale of the real property of the intestate which
authorized the Court to order a sale, or a resale, of the prop-
erty.

On looking into the record as it has been brought before us
on this appeal, we find that the administratrix, in her petition
filed August 30th, 1878, for an order of sale, described the real
property of the estate as follows : " That the said inventory and
appraisement on file contains a full description of all the real
estate of which the intestate died seized, or in which he had any
interest, or in which the said estate had acquired any interest ;

and your petitioner, for a description of said real estate, hereby refers to said inventory, and makes the same a part of this petition; and that the condition and value of the respective portions of real estate are described in the said appraisement heretofore referred to, and made part of this petition."

There is neither inventory nor appraisement annexed to, or, in fact, made parts of the petition; but it appears, outside the petition, by the record in the statement on this appeal, "That on the 8th day of October, 1877, said administratrix made and duly returned an inventory and appraisement of all the estate of said deceased which had come into her possession and knowledge."

That from said inventory and appraisement it is made to appear that said deceased died possessed of the following real estate, to wit:

" Two and one-quarter interests in the Consolidated California Gold Mining Company, located at Table Rock, Sierra County, California, of the value of $506; also, one parcel of mining ground, known as F. Descombe's Claims, located on the west bank of the East Fork of Cañon Creek, Sierra County, California, and opposite the mouth of the South Fork of the aforesaid creek, of the value of $20; also, one ditch heading in the East Fork of Cañon Creek, and discharging in the above claims, of the value of $15; and one ditch heading in the South Fork of Cañon Creek, also discharging in the above mentioned claims, of the value of $15."

This is all of the inventory and appraisement. Of the property described therein, the Court ordered to be sold the following, as it is described in the decree of sale: " The following is the real estate hereby authorized to be sold, being situate in the County of Sierra, State of California, and described as follows, to wit:

"Two and one-fourth (2¼) interests in the mining claims known as the Consolidated California Gold Mining Company's Claims, located on the south side of Table Rock, about one and a half miles from Howland Flats; also, one parcel of mining ground known as Frank Descombe's Mining Claims."

Taking the petition and inventory together, the description of the property, as was held in *Stuart* v. *Allen,* 16 Cal. 473, is not

so defective as to render the sale void. But while the description may be considered sufficient, there is nothing in the petition, or the inventory and appraisement referred to therein, which indicates the condition of the mining interests, or of the mining company in which such interests are held, or of the mining claims. It does not appear whether they were worked or lying idle, whether they were sources of profit or loss to the estate. The petitioner alleges that a sale of all the property described in the inventory was necessary, because the personal property of the estate was insufficient to pay debts, family allowance, and estimated expenses of the administration. And the petition shows that the amount of the personal property of the estate which came into the hands of the administratrix "is the sum of, in goods, $1,600," and that the debts, family allowance, and expenses amount to $2,041. But if the mining interests or claims were yielding an income which was sufficient to make good the alleged deficiency in the personal estate, there would not have been any necessity for a sale of the real property. So long as there is a sufficiency of personal property in the hands of an administrator to pay the debts and expenses of an administration, a sale of the real property of an estate cannot be made. (*Haynes* v. *Meeks*, 20 Cal. 288.) Hence the necessity for setting forth in the petition the condition and situation of the real property. Section 1530 of the Code of Civil Procedure provides, " that the executor, administrator, or any heir-at-law, or creditor of the estate, any partner, or member of any mining company in which interests or shares are held or owned by the estate, may file in the Probate Court a petition in writing, setting forth the general facts of the estate, being then in due course of administration, and *particularly describing the mine, interest, or shares which it is desired to sell, and particularly the condition and situation of the mine or mining interests, or of the mining company in which such interests or shares are held*, and the grounds upon which the sale is asked to be made." And § 1537 of the same Code, under which the petition in this case seems to have been filed, provides that, " to obtain an order for the sale of real property, the executor or administrator must present a verified petition to the Probate Court, setting forth the amount of personal property that has

come to his hands, and how much thereof, if any, remains undisposed of; the debts outstanding against the decedent, as far as can be ascertained or estimated; the amount due upon the family allowance; the debts, expenses, and charges of administration which have accrued or are likely to accrue; a general description of all the real property of which the decedent died seized, or in which he had any interest, and *the condition and value thereof*, and whether the same be community or separate property; the names of all the legatees and devisees, if any, and of the heirs of the decedent, so far as known to the petitioner." Under either of these sections the petition under consideration was defective, in failing to set forth the condition of the property. The Court, say the Supreme Court in *Estate of Smith*, 51 Cal. 563, should be informed by the petition of the condition of the property—that is, whether the property is improved or unimproved, productive or unproductive, occupied or vacant, and the like. Such information is necessary to enable the Court to intelligently exercise its judgment in the selection of the property of the estate which can be most advantageously sold.

Brought, as this petition evidently was, under § 1537, it is fatal to it that it was not verified. The verification of the petition, the description of the property, its condition, value, and character, are jurisdictional facts, which must affirmatively appear in a verified petition, before a Probate Court can make any valid order for a sale of the real property of an estate to pay debts. These are of the essence of the petition, without which it has no legal existence. The petition is the commencement of a distinct proceeding in the nature of an action; without it, the Court acquires no jurisdiction to order the sale, for the jurisdiction for that purpose depends upon the averments of such a petition. (*Fitch* v. *Miller*, 20 Cal. 385; *Spriggs' Estate*, id. 125.)

It has been repeatedly held, that the jurisdiction of the Probate Court depends absolutely on the sufficiency of the petition—in other words, on its substantial compliance with the requirements of the probate law. (*Fitch* v. *Miller*, *Haynes* v. *Meeks*, *supra*; *Pryor* v. *Downey*, 50 Cal. 388; *Estate of Smith*, *supra*.)

The appellant tacitly admits the validity of the order of the Probate Court in setting aside the sale and confirmation; for,

although all the rights which he claims as an alleged purchaser of the property depend upon the decree of sale and of confirmation, he took no appeal from the order of the Court disannulling them ; and unless that order has been vacated and set aside, and the original decrees have been restored, the appellant is in no condition to require a conveyance ; for, those decrees no longer existing of record, there is nothing upon which his claim of right to the property can be enforced, or upon which this Court could direct, as he has requested, the execution of a conveyance. Nor does there appear anything in the record before us to sustain the order appealed from for a resale. The record contains the original unverified petition, upon which the Court below acted in directing a sale of the property in the first instance. It does not appear that it was verified before making the second order for sale. If it was made upon an unverified petition, it would also, like the first, be void for want of jurisdiction.

The order of the Probate Court, made and entered March 1st, 1879, authorizing the administratrix of the estate to again sell the real property of the estate, is reversed, without costs to either party; and the cause is remanded to the Superior Court of Sierra County for further proceedings, with leave to the administratrix to petition for a sale of the real property *de novo.*

McKINSTRY, J., and ROSS, J., concurred.