[No. 8,090.—Department One.]
June 30, 1882.

## ESTATE OF J. N. MONTGOMERY.

ESTATES OF DECEASED PERSONS—PROCEEDING FOR SALE OF REAL ESTATE—
STATUTE OF LIMITATIONS.—On the tenth day of April, 1878, an order for
the sale of real estate was duly made by the Probate Court; but the prop-
erty was not sold.   On the eleventh day of April, 1881, the administrator
filed another petition for the sale of the same property referring to the
former order and stating that no sale had been made.   An opposition was
filed by the heirs on the ground that more than four years had elapsed
after the claims (except three) were allowed before the filing of the pe-
tition; and that the application was barred by § 343 C. C. P.

*Held:* It is unnecessary in this case to decide the point suggested.   The
proceedings for subjecting property to sale for the payment of debts were
commenced upon the filing of the first petition.   There has been no revo-
cation of the order made thereon; there is no statute requiring the sale
to be made within any given time after the order, and the petition filed
on this application, and the orders made thereon may be considered as in
effect a continuation of the first application and of the proceeding then
instituted.

ID.—ID.—Under the Code there is no privity in the sale of property for the
payment of debts as between real and personal.

APPEAL from an order of sale of real and personal property
in the Superior Court of Tehama County.   MAYHEW, J.

*R. A. Redman* and *A. M. Rosborough,* for Appellants.

Appellants plead Sections 343 and 363 of the Code of Civil
Procedure as a bar to granting said order.   The petition, in
such cases, is the commencement of a distinct proceeding in
the nature of an action.   (*Estate of Boland,* 55 Cal. 315; *Es-
tate of Crosby,* id. 574.)   The petition does not show that
the indebtedness of the estate exceeds the value of the per-
sonal property which has come into the hands of the admin-
istrator, and in this respect does not state facts sufficient to
show that the sale of real estate. is necessary to pay indebt-
edness.

*Chipman & Garter,* for Respondent.

It is asserted that there is no necessity for the sale of the
real estate because the claims constituting the greater portion
of the indebtedness of the estate are barred by the Statute
of Limitation under the provisions of Sections 343 and 363,

C. C. P.   The cause of action of a creditor involved in his claim is the right to present the same |for allowance and approval, after which approval he has no cause of action, because his claim stands as a judgment. | (*Estate of Hidden*, 23 Cal. 363.)

No claim against any estate which has been presented and allowed is affected by the Statute of Limitations.   (C. C. P., § 1569; *Estate of Schroeder*, 46 Cal. 305; *Dohs et al* v. *Willoughby*, 9 P. C. L. J. 241.)

We now come to consider the question whether the present application as a distinct and definitive proceeding is: (1) barred by the Statute; or is: (2) in any manner affected by any Statute of Limitation.   But we maintain that the proceeding is not subject to the Statute of Limitations, whether a special proceeding of civil nature or otherwise.   We think the general Statute of Limitation was not intended to apply to probate proceedings, because it cannot be done without bringing it into direct conflict with the express provisions of Section 1569.   The precise question, however, has been decided by the Supreme Court of this State.   (*Estate of Schroeder* 46 Cal. 316.)

MYRICK, J.:

This an appeal from an order for the sale of real estate of the intestate.

The deceased died June 2, 1876.   Letters of administration were issued June 24, 1876, to J. W. B. Montgomery.   An inventory was filed, and on the first of July, 1876, the first publication was had of a notice to creditors to present their claims within ten months.   The time expired May 1, 1877.   Claims were presented, allowed and approved, amounting, exclusive of interest, to about one hundred and forty-nine thousand dollars.   March 12, 1878, the administrator filed his petition for an order for the sale of all the property of the estate, and, after due notice and hearing, such order was made.   Notices for the sale of the property at private sale were duly published and given, as authorized by the order, but no bid was received, and the real estate remains wholly undisposed of.   The petition on this application was filed April 11, 1881.   The heirs of the intestate filed an opposition to the petition,

on the ground that more than four years had elapsed after the claims (except three) were allowed, before the filing of the petition, and that an application for the sale of real estate was barred by Section 343, C. C. P. The Court below found that there had been no laches or unreasonable delay in the sale of the lands under the first order or in the present application. The administrator, in his petition, states as reasons, among others, why the property was not sold under the first order, that at the time the sale was ordered a general financial depression existed throughout this State, and a large amount of land was thrown upon the market; also that some portions of the real estate were involved in litigation, which could not be readily disposed of; and that for these reasons it was impracticable to complete the sale of the real estate under said order.

On this appeal the appellants present two points:

First—The appellants insist that a cause of action accrued to the administrator and to each creditor whose claim had been allowed so soon as it was ascertained that it was necessary to sell property to pay the debts; and more than four years having been permitted by them to intervene between the time it was known by all of them to be necessary to sell the property to pay the debts and the date of filing the petition. Section 343, Code of Civil Procedure, interposes a bar against this proceeding, which is an action or special proceeding in the nature of an action.

Second—The petition does not show that the indebtedness of the estate exceeds the value of personal property which has come into the hands of the administrator, and in this respect does not state facts sufficient to show that a sale of real estate is necessary.

Regarding the second point, it is sufficient to say that the petition states the value of the personal property undisposed of to be eight thousand four hundred and twenty-one dollars and seventy-seven cents, and the debts to exceed one hundred and twenty thousand dollars. Under the Code there is no priority in the sale of property for the payment of debts, as between real and personal.

The first point is urged more strenuously, and in view of some suggestions which have been made, would appear to be

more difficult of solution.  In *Estate of Boland,* 55 Cal. 315, this Court, in speaking of a petition filed for the sale of real estate, used this language: "The petition is the commencement of a distinct proceeding in the nature of an action;" and in *Estate of Crosby,* 55 id. 583, the Court remarked, it may be perhaps a special proceeding of a civil nature, and as such subject to an appropriate section of the Code which treats of limitations.

In this case, however, it is not necessary to consider the effect of those suggestions, because neither of them has direct application to the question before us.  In this estate, proceedings for subjecting property to sale for the payment of debts were commenced March 12, 1878, upon the filing of the first petition; there has been no revocation of the order made thereon; there is no statute requiring the sale to be made within any given time after the order; and we may consider the petition filed on this application, and the orders made thereon, as in effect a continuation of the first application and of the proceedings then instituted.  The petition now before us sets out the former proceedings, giving the reasons why the sale was not then made, and is in some sense based upon those proceedings.

Order affirmed.

MCKINSTRY and MCKEE, JJ., concurred.