[L. A. No. 157.   In Bank.—April 27, 1897.]

## MARY E. WILLS, RESPONDENT, *v.* A. PAULY, APPELLANT.

ESTATES OF DECEASED PERSONS—SALE OF REAL ESTATE—JURISDICTION—UNVERIFIED PETITION.—The superior court obtains jurisdiction to order a sale of real estate only by substantial compliance with the provisions of the Code of Civil Procedure regulating such sales, first of which is a verified petition; and where there is no verified petition upon which to base an order of sale, a sale under such order is void, and passes no title to the purchaser.

ID.—ESTATE LESS THAN FIFTEEN HUNDRED DOLLARS—CONSTRUCTION OF CODE.—The fact that the estate of the decedent is of less value than fifteen hundred dollars, only justifies the court in setting it apart without any sale, to the widow and children, subject to the expenses of last sickness, administration, etc., pursuant to section 1469 of the Code of Civil Procedure; but if there is to be any sale of real property to pay such expenses, it must be conducted under the provisions of title IX of the code, where alone the power to make such sale and the method of making it are to be found; and the court has no jurisdiction to dispense with the regular proceedings required by that title, because the estate is of less value than fifteen hundred dollars.

ID.—ENFORCEMENT OF TRUST—TITLE OF PURCHASER—STATE PATENT—RIGHTS OF MINOR HEIR—STATUTE OF LIMITATIONS—DISCOVERY OF FACTS.—Where the purchaser at a void sale of the real estate of a de-

cedent obtained title from the state as the successor in interest of the
decedent, under a certificate of purchase held by such decedent, one
who was a minor heir at the time of the void sale may enforce a trust
against such purchaser; and where the facts upon which the trust was
based were not discovered by such heir, until within three years before
the commencement of the action, the cause of action is not barred by
the statute of limitations.

ID.—RES ADJUDICATA—DISMISSAL OF SUIT IN FEDERAL COURT—WANT OF
JURISDICTION.—A judgment of dismissal of a suit brought by the plain-
tiff in a federal court for want of jurisdiction or right of the plaintiff to
sue in that court, is not *res adjudicata* as to the cause of action upon the
merits, or a bar to another action for the same cause brought by the
same plaintiff in the state court.

ID.—CERTIFICATE OF PURCHASE HELD BY DECEDENT—PATENT OBTAINED BY
PURCHASER AT VOID SALE—PAYMENT NOT REQUIRED OF HEIR ENFORC-
ING TRUST.—Where the decedent had fully paid for the land in contro-
versy, and obtained a certificate of purchase therefor, and the purchaser
at a void probate sale obtained a patent under such certificate, an heir
of the decedent enforcing a trust against the holder of the patent, to
one-half of the land, is not required to pay one-half of the purchase
money to the defendant.

APPEAL from a judgment of the Superior Court of Kern
County and from an order denying a new trial.   A. R.
CONKLIN, Judge.

The facts are stated in the opinion of the court.

*Cole & Cole,* and *C. C. Cowgill,* for Appellant.

The sale was valid, as the order of the court dispensed
with the proceedings under title XI of the Code of Civil
Procedure, which order the court was authorized to
make.   (Code Civ. Proc., sec. 1469; *Citizens' Street Ry.
Co.* v. *Robbins,* 128 Ind. 449; 25 Am. St. Rep. 445.)   The
plaintiff should have averred a tender of one-half the
expenses incurred in obtaining the patent, as well as
one-half of the purchase price.   (*Robertson* v. *Bradford,*
73 Ala. 116.)   In equity such a sale as in this case, al-
though made under a void order, will be treated as valid
as to those who have received the fruits from it.   (*Bell*
v. *Craig,* 52 Ala. 215.)   Allowance should be made for
improvements, proper advancements, expenses and
charges, as a condition for enforcing trust.   (*Dolhequy*
v. *Tabor,* 22 Cal. 280; *Morrison* v. *Bowman,* 29 Cal. 337;
*Raynor* v. *Lyons,* 37 Cal. 452; *Tyler* v. *Granger,* 48 Cal.

259.)   The amount required to obtain a patent for state or government lands must be reimbursed.   (*Hollinshead* v. *Simms,* 51 Cal. 158; *Henderson* v. *Grammar,* 66 Cal. 335.)

*Milhay & Bennett,* and *Alvin Fay,* for Respondent.

The notice and statement on motion for new trial are premature and ineffectual for any purpose. (Code Civ. Proc. sec. 659; *Crowther* v. *Rowlandson,* 27 Cal. 377; *Hinds* v. *Gage,* 56 Cal. 486; *Mahoney* v. *Caperton,* 15 Cal. 313; *Bates* v. *Gage,* 49 Cal. 126; *Spottiswood* v. *Weir,* 66 Cal. 529; *Dominguez* v. *Mascotti,* 74 Cal. 269.)   A sale of real estate for payment of debts cannot be ordered under section 1469 of the Code of Civil Procedure.   Compare Code Civ. Proc., sec. 1469; Probate Act, art. IV; Code Civ. Proc., secs. 1516, 1517, 1536, 1537.)   No sale is valid unless reported to and confirmed by the court. (Code Civ. Proc., secs. 1517, 1552, 1554, 1561, 1575; *Estate of Delaney,* 49 Cal. 76, 85; *Stilwell* v. *Swarthout,* 81 N. Y. 111; *Halleck* v. *Guy,* 9 Cal. 182, 195; 70 Am. Dec. 643; *Valle* v. *Fleming,* 19 Mo. 454; 61 Am. Dec. 566; Freeman on Executions, sec. 311.)   The deed by H. F. Glenn, is her personal deed only and did not convey the estate of plaintiff.   (Code Civ. Proc., secs. 1517, 1554, 1555, 1561; Civ. Code, secs. 1067, 1068; *Adams* v. *Ross,* 82 Am. Dec. 237; *Donahue* v. *McNulty,* 85 Am. Dec. 82; *McAfferty* v. *Canover,* 70 Am. Dec. 57; *Ryan* v. *Wilson,* 9 Mich. 262; *German Bank* v. *Best* (Ky., 1891), 14 S. W. Rep. 954.) H. F. Glenn had a right to convey her interest.   (*Chever* v. *Chung Hung Poy,* 82 Cal. 71.)   Plaintiff is not barred by limitation, and the appellate court will not weigh the evidence of the time of discovery of the facts alleged in the complaint.   (Code Civ. Proc., secs. 338, 1573; *Bensley* v. *Whipple,* 57 Cal. 267; *Iburg* v. *Suanet,* 47 Cal. 265; *Bernal* v. *O'Hanlon,* 59 Cal. 284; *Smith* v. *Arnold,* 56 Cal. 641; *Trenor* v. *Central Pac. R. R. Co.,* 50 Cal. 223; *Brown* v. *Brown,* 41 Cal. 88.)   The record of the United States Court is no bar to this action, because the court was without jurisdiction. (*New Orleans* v. *Winter,* 1 Wheat. 91; *Hepburn* v. *Ellzey,* 2 Cranch, 445;

*Barney* v. *Baltimore*, 6 Wall. 280; *Watson* v. *Brooks*, 8 Saw. 316; *Cameron* v. *Hodges*, 127 U. S. 322; Code Civ. Proc., secs. 1916, 1917; Freeman on Judgments, secs. 263, 264; 2 Black on Judgments, secs. 713, 719.) And also because the merits of the case were not passed upon. (*Terry* v. *Hammonds*, 47 Cal. 32; *Gould* v. *Railroad Co.*, 91 U. S. 526; *Gray* v. *Dougherty*, 25 Cal. 266; *Gallup* v. *Lichter*, 4 Colo. App. 296; Code Civ. Proc., secs. 1908, 1911; Freeman on Judgments, sec. 266; 2 Black on Judgments, sec. 719; *Foster* v. *Busteed*, 100 Mass. 409; 1 Am. Rep. 125; 1 Daniel's Chancery Practice, 683–808.) The defendant, though holding the legal title by patent from the state, is nevertheless a trustee for the plaintiff as to her interest in the title. (*Hardy* v. *Harbin*, 4 Saw. 536.) Plaintiff is under no obligation to refund to defendant one-half of the purchase money, or one-half of the expenses of procuring the patent. (*Lyon* v. *Vanatta*, 35 Iowa, 521.)

McFARLAND, J.—This action is brought by the plaintiff for the purpose of having it declared that defendant holds the undivided one half of a certain tract of land described in the complaint as the trustee of the plaintiff, and to obtain a conveyance thereof by defendant to plaintiff, and an accounting for rents and profits. The court below rendered judgment for plaintiff, from which, and from an order denying a new trial, the defendant appeals.

Respondent contends that upon this appeal nothing can be considered other than the judgment-roll, for the reason that the appeal from the judgment was not taken within sixty days, and that the notice of motion for a new trial was given prematurely; but, as it is doubtful whether or not the respondent did not waive the irregularity of the notice of motion for a new trial by filing amendments to the statement without objection, we will not consider that question, as it does not appear to be very important in the case.

J. O. Glenn, father of the plaintiff, died on Novem-

ber 11, 1878, seised and possessed of the land in question, leaving surviving him his widow, Harriet F. Glenn, and his daughter, Mary E. Glenn (now Mary E. Wills), plaintiff herein, who was his only child. One John D. Glenn was appointed administrator of his estate, but he was afterward removed and the widow, Harriet F. Glenn, was appointed as administratrix. On the seventeenth day of November, 1879, said Harriet, as such administratrix, presented to the judge of the probate court her petition praying for a decree authorizing her to sell the land here in question "without regard to the regular proceeding for the sale of real estate of deceased persons, for the payment of the debts of the estate, and dispensing with all the requirements of title IX of the Code of Civil Procedure of the state of California then in force, and that said sale might be made without notice to anyone of the filing of said petition or of said sale, and that the said sale so prayed for might be made at private or public sale, as the said administratrix might see fit." This petition was signed by the attorney of the administratrix, and was not verified, and *on the same day* said court made an order for the sale of said land by the administratrix, "without regard to the regular proceedings provided for in title IX of the Code of Civil Procedure, respecting the sales of property, which proceedings are hereby dispensed with for the purposes aforesaid, and that there need be no publication of this petition upon which this decree is based, nor any order to show cause why said land should not be sold, and that there need be no bids in writing received from intending purchasers thereof, but the same may be sold in any manner which seems to administratrix most beneficial for the interests of the heirs of said estate forthwith. Afterward on July 26, 1880, the said administratrix made a deed of the lands here in contest to the appellant Pauly, in words and figures as follows:

" Know all men by these presents: That I, Harriet F. Glenn, wife of G. O. Glenn, late deceased, of Kern

county, by virtue of an order issued November 19, 1879, to me as administratrix, and for and in consideration of the sum of seven hundred and fifty dollars, do hereby grant to A. Pauly *all my right, title, and interest* in and to the real property hereinafter described, and pray that a patent be granted to said A. Pauly to all that real property situated in Kern county, state of California, bounded and described as follows: The west half of section 16, in township 32 south, of range 33 east, M. D. B. & M., together with all and singular the tenements thereon.

"Witness my hand this 26th day of July, 1880.

"(Signed) H. B. GLENN (Seal.)"

It is quite clear from the record that in the ordering and making of this sale the provisions of title IX of the Code of Civil Procedure were not substantially followed, and that in fact there was no attempt to follow said proceedings. The petition for the sale set forth that the whole of the estate of said Glenn, deceased, was not of any greater value than fifteen hundred dollars; and the court proceeded upon the theory that in such a case there could be a valid order of sale without any compliance whatever with the provisions of the code with respect to the sale of real estate of a deceased party. The whole proceeding seems to have been based upon section 1469 of the Code of Civil Procedure as it existed at that time. Said section, so far as it is necessary to be considered here, reads as follows: "If upon the return of the inventory of the estate of an intestate it appears that the value of the whole estate does not exceed the sum of fifteen hundred dollars, the probate court must appoint a day for the hearing, and cause notice to be given and proceedings had in the same manner as provided in 1633, 1635 and 1638 of article II, chapter X, of title II, of the Code of Civil Procedure, relating to settlement of accounts. If upon the hearing the court find that the value of the estate does not exceed the sum of fifteen hundred dollars, the probate court by decree for that purpose must assign

for the use and support of the widow and minor children, if there should be a widow and minor child, and, if no widow, then for the children if there be any, the whole estate after the payment of the expense of his last illness, funeral charges, and the expenses of administration. And there must be no further proceedings in the administration unless further estate be discovered."

At the time of the order for the sale, as above stated, there had been no decree of the probate court under section 1469. Afterward, however, upon the eighteenth day of September, 1880, the said administratrix did present a petition for a decree setting apart the property to the widow and minor child as provided for in said section 1469, and on the twenty-seventh day of September, 1880, such a decree was made. But, if the latter decree had been made before the said order of sale, the results would have been the same. Section 1469 does not provide for any sale of the property of the deceased. It merely provides that the whole estate shall be set apart to the widow and children, subject only to the expenses of last sickness, administration, etc. If there is to be any sale of the real property of the estate to pay such expenses, such sale must be conducted under the provisions of title IX of the code, where alone the power to make and the method of such sale are to be found. Article IV, of chapter VII, of title IX, of the code, commencing with section 1529, provides fully and minutely for the sale of the property of a deceased person when such sale is for any purpose necessary, and it has been frequently held that no sale is valid where there has not been at least a substantial compliance with that article of the code. The court gets jurisdiction to order such sale only by compliance with those provisions of the code, the very first of which is a verified petition. (*Beckett* v. *Selover,* 7 Cal. 215; 68 Am. Dec. 237; *Pryor* v. *Downey,* 50 Cal. 398; 19 Am. Rep. 656; Estate of Boland, 55 Cal. 310; *Richardson* v. *Butler,* 82 Cal. 174; 16 Am. St. Rep. 101.) There are also various provisions in the

code respecting the necessary averments to be made in the petition, service of notice of application upon heirs, return of the report of the sale, confirmation of the sale by the court, etc., which need not be here inquired into, because, as before said, there is no pretense that there was any substantial compliance with the provisions of the code upon the subject, the theory, as it appears upon the petition and the order itself, being that none of such provisions need be followed. It is clear, therefore, that the sale in the present instance was void. And, therefore, we need not inquire into the point made by respondent that the deed from the administratrix to the appellant, upon its face, conveyed only her undivided interest in the premises.

We see nothing in the point made by appellant that this action is barred by the statute of limitations. At the time of the sale respondent was a minor; and the testimony was amply sufficient to warrant the court in finding that she had not discovered the facts upon which this action is based until within the statutory period before the commencement of this action.

The appellant contends that a judgment of the United States circuit court dismissing a bill brought by this respondent against the appellant for the same cause of action set up in the complaint in the present case is a bar to this action; but we do not think so. It does not appear that the merits of the case were determined in that action. It was held there that the plaintiff, being a married woman, could not sue in the federal court in her own name, and it also appeared that the only thing relied on by the plaintiff in that case to confer jurisdiction upon the federal court was that she was a citizen of the Territory of Arizona, the defendant therein being a citizen of California; but it has been uniformly held by the federal courts that citizenship of a territory did not give jurisdiction to those courts, where the defendant was a citizen of a state. The case was decided upon a demurrer to the complaint.

It appears that the deceased had acquired title to the

lands in controversy from the state of California, had fully paid for the lands, and received a certificate of purchase; and that after the appellant here had bought the property from the administratrix he procured a patent from the state; and it is contended by appellant that the respondent should have offered to pay the appellant one-half of the purchase money. This, however, is not a case where the respondent had sold the property during minority and retained the proceeds, and the case is not within the rule contended for by appellant. (*Townsend* v. *Tallant*, 33 Cal. 45; 91 Am. Dec. 617; Schouler on Domestic Relations, sec. 446, and cases there cited in note 1.) No judgment was rendered for rents or profits.

The judgment and order appealed from are affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J., TEMPLE, J., HENSHAW, J., and BEATTY, C. J., concurred.

Rehearing denied.