[Civ. No. 21592.   First Dist., Div. Three.   May 12, 1964.]

Estate of ROBERT R. CONNER, Deceased. NETTA POW-ELL, Plaintiff and Respondent, v. MARY HOBBS, Defendant and Appellant.

Landels, Ripley, Gregory & Diamond and Bruce W. Hyman for Defendant and Appellant.

Gerald R. Knecht and George D. Hardisty for Plaintiff and Respondent.

DRAPER, P. J.—Real property of this estate was sold at private sale. The sale was confirmed, full price paid, and administrator's deed to the purchaser was executed and delivered. The administrator died and it developed that he had misappropriated the proceeds of the sale. On motion of an heir, the court vacated its order confirming sale, without any provision for repayment of the purchaser. Purchaser appeals.

Respondent's sole contention, in the trial court and here, is that the order confirming sale is void because the return and petition for confirmation was unverified. There is no question that the sale was properly advertised and the petition for confirmation duly noticed. No suggestion of any impropriety on the part of the purchaser is made. Respondent heir does not even suggest that a better price could have been or can now be obtained. She neither appeared nor objected to the confirmation, and she has not appealed from that order. She stands wholly and solely on her claim that the order was void because the petition therefor was not verified.

She cites the statute requiring verification of return of sale (Prob. Code, § 755) and points to three decisions (*Pryor* v. *Downey,* 50 Cal. 388 [19 Am. Rep. 656]; *Wills* v. *Pauly,* 116 Cal. 575 [48 P. 709]; *Estate of Boland,* 55 Cal. 310). *Pryor* neither decides nor discusses verification as a jurisdictional requirement. Rather, the petition for confirmation was fatally deficient in substance and, more important, the "administrator" who purported to sell had never received letters of administration. *Wills* concerns a strangely conglomerate proceeding in which the petition failed to comply with any code requirement for sale or confirmation, and the order expressly provided that it was made "without regard to the regular proceedings ... [for] sales." The order was obviously and expressly beyond the statutory jurisdiction of the court, and was held void. The court did say that jurisdiction to order a sale can be had only by compliance with the code requirements, "the very first of which is a verified petition" (p. 581). But it is obvious that it was the probate court's blatant disregard of all code requirements for sale, and not the mere lack of verification, which impelled the decision. *Boland* does say that "it is fatal to [the petition] that it was not verified" (p. 315), but it is clear that substantive defects, and not mere lack of verification, constituted the true ground of decision. Here the petition was substantively sound.

Later cases make clear the trend to regard absence of verification as "no more than a defect in pleading," hold it not to be jurisdictional, and regard the objection as waived if not raised at the noticed probate hearing (*Security Trust & Sav. Bank* v. *Fidelity & Deposit Co.*, 184 Cal. 173, 176-177 [193 P. 102]; see also *Guardianship of Lyle,* 77 Cal.App.2d 153, 158 [174 P.2d 906]).

It is apparent that respondent complains of the sale only because the administrator, with whose appointment appellant purchaser had nothing to do, misappropriated estate funds. The defect upon which respondent has seized is not jurisdictional, thus the sole basis for the order of vacation is unsound.

Order reversed.

Salsman, J., and Devine, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 8, 1964.