[No. 5180.]

IN THE MATTER OF THE ESTATE OF ANSYL SMITH.

| 51 | 563 |
| 78 | 600 |
| 51 | 563 |
| 117 | 514 |
| 51 | 563 |
| 119 | 501 |
| 51 | 563 |
| 137 | 188 |
| 51 | 563 |
| 141 | 644 |

APPEAL FROM PROBATE COURT.—An appeal does not lie from an order of the Probate Court refusing to set aside an order for the sale of the property of an estate, previously made.

PETITION TO SELL REAL ESTATE.—A petition to the Probate Court for the sale of real estate must describe the condition of the land to be sold, and a clause in the statute, that a failure to give such description shall not invalidate the proceedings if the defect is supplied by proof and stated

in the decree, does not apply when the petition is attacked by demur-
rer, or when the objection is taken upon appeal from the order of sale.
SETTING ASIDE HOMESTEAD.—The mere fact that an order has been made by
the Probate Court for the sale of the real estate of the intestate does not
prevent the court from setting the same aside as a homestead for the
widow.

APPEAL from the Probate Court, County of Santa Clara.

Ansyl Smith died April 25, 1875, leaving a will.   Letters
testamentary were issued to A. Madan.   February 3, he
filed a petition for the sale of the real estate.   The petition
was heard March 11, 1876, and there being no objection the
court made an order of sale.   The order does not recite that
the condition of the land was proved on the trial, nor does
it appear in the record that it was proved.   The executor
made the sale on the 28th of April, 1876.   The widow,
Eunice Smith, on the 1st of May, 1876, petitioned the court
to set apart to her a homestead out of the real estate.   On
the 6th of May the petition came on to be heard, and on
same day, the matter of the confirmation of the sale came
on, and the widow filed objections to the confirmation and
to the order of sale itself, one of which was, that the peti-
tion for the sale had not described the condition of the
property.   Objections were also made to the homestead.
The sale made by the executor was conceded by the court,
and parties, to be illegal for want of notice.   The matter
was continued until May 9, when the widow moved to vacate
the order of sale on the ground that the order was made
through her mistake and excusable neglect.   In support of
this she filed an affidavit.   The substance of the affidavit
was, that she did not know of the order of sale until the sale
was made and was not represented by any one; that she
was old and ill, and supposed that the attorney for the exec-
utor was protecting her interest.   The court denied the
petition for a homestead and overruled the objections to
the order of sale, and denied the motions, but directed the
executor to proceed under the order and sell.   The widow
appealed. .  .

The other facts are stated in the opinion.

*M. B. Blake,* for the Appellant.

*Black & Stephens,* for the Respondent.

By the Court:

1. The order of the Probate Court refusing to set aside the order of sale previously entered is not the subject of appeal to this court. (C. C. P., Sec. 969.)

2. The appeal is also taken from the order of sale, and it is urged by the appellant that the petition upon which the order is founded is insufficient. The several matters required to be set forth in such a petition are enumerated in the Code of Civil Procedure (Sec. 1537); amongst these is the "condition" of the property to be sold. The description of the property is distinctly required to be stated, and also its value, and, besides these, its condition is to be set forth in the petition. The court should be informed by the petition of the condition of the property: that is, whether the property is improved or unimproved; productive or unproductive; occupied or vacant, and the like; such information is necessary to enable the court to intelligently exercise its judgment in the selection of the property of the estate, which can be most advantageously sold. In the petition filed in this case the condition of the property is not stated, and in this respect the petition is substantially defective; the provision found in the statute, (section 1537 *supra,*) that a failure to set out the necessary facts in the petition will not invalidate the subsequent proceedings, if the defects be supplied by proof at the hearing, and stated in the decree, does not aid the respondents. The provision of the statute has no applicability to a petition, the sufficiency of which is directly attacked by general demurrer in the Probate Court, or by objection to its sufficiency, taken upon appeal from the order of sale.

3. It seems that the refusal by the Probate Court to set aside the homestead was not upon the merits, but was put mainly upon the ground that a proper order of sale of the premises prayed to be set aside had already been duly entered. Under the circumstances, and without express-

ing an opinion now upon the merits of the application, the order refusing to set aside the homestead will be reversed, leaving the appellant at liberty, upon return of the cause, to apply *de novo.*

Appeal from order refusing to set aside order of sale dismissed; order of sale and order refusing to set apart a homestead reversed, and cause remanded for further proceedings, and with leave to the executor to amend his petition, and to the appellant to make her application for a homestead *de novo.*