78 597
e137 189

[No. 12501.   In Bank. — April 19, 1889.]

D. J. KERTCHEM, ADMINISTRATOR ETC. OF HENRY CHAREST, DECEASED, RESPONDENT, v. P. GEORGE, APPELLANT.

SPECIFIC PERFORMANCE — ESTATE OF DECEDENT — VOID SALE. — A sale of land of the estate of a deceased person, which is absolutely void, will not be specifically enforced at the instance of the administrator.

ID. — VOID PROBATE SALE — FAILURE TO STATE JURISDICTIONAL FACTS IN PETITION — NECESSITY FOR SALE — DECREE. — A sale of land belonging to the estate of a deceased person is void for want of jurisdiction of the court to order it, when the petition therefor does not disclose the condition and value of the land, or any facts showing that it could be most advantageously sold, and the decree of sale omits to state the general facts showing its necessity.

ID. — CONDITION AND VALUE OF LAND. — A petition for the sale, which states that the land sought to be sold is "an imperfect claim under the homestead laws of Congress" to a particular tract of land, does not sufficiently show the condition or value of the land.

APPEAL from a judgment of the Superior Court of Yuba County.

The facts are stated in the opinion.

*William G. Murphy*, for Respondent.

Courts of equity will not enforce the specific performance of a contract such as the one in question. (Pomeroy's Eq. Jur., secs. 138, 171, 221, 1400, 1405; *Bruck* v. *Tucker*, 42 Cal. 353; *Agard* v. *Valencia*, 39 Cal. 302.) The court, in making the order of sale, and also in making the order of confirmation, acted without jurisdiction. (Freeman on Judgments, sec. 117; *Sprigg's Estate*, 20 Cal. 125; *Haynes* v. *Meeks*, 20 Cal. 313; *Fitch* v. *Miller*, 20 Cal. 385; *Estate of Boland*, 55 Cal. 315; Code Civ. Proc., sec. 1537; *Gregory* v. *McPherson*, 13 Cal. 577; *Gregory* v. *Taber*, 19 Cal. 410; 79 Am. Dec. 219; *Townsend* v. *Gordon*, 19 Cal. 208; *Estate of Smith*, 51 Cal. 565; *Estate of Rose*, 63 Cal. 348; *Townsend* v. *Tallant*, 33 Cal. 54; 91 Am. Dec. 617.)

*J. H. Craddock,* for Respondent.

The defendant, having made himself a party to the proceeding by becoming a purchaser at the sale, and having notice of the hearing for the confirmation thereof, is estopped by the judgment of confirmation from pleading or setting up any defense which he might have interposed on the application for confirmation of the sale. This was directly adjudged in the case of *Brummagim* v. *Ambrose,* 48 Cal. 366. The contract should be specifically enforced. ( *Grover* v. *Hawley,* 5 Cal. 486; *Halleck* v. *Guy,* 9 Cal. 181; 70 Am. Dec. 643.)

Foote, C.—This is an action to enforce the specific performance of a contract by which, as alleged, the defendant became liable to pay the purchase price bid by him at an administrator's sale of the land of a decedent.

The answer filed by the defendant alleged, among other things, that the order for the sale of the land "was made upon a defective petition, a copy of which petition is hereto attached and made part of this answer, marked 'Exhibit A,' which did not set forth the amount of personal estate that had come to the hands of the administrator, nor contain a general description of all the real property of which the decedent died seised, or in which the estate has acquired any interest, nor the condition or value of any such property, nor any other facts showing the sale to be necessary, nor were such defects supplied by proofs at the hearing, nor were the general facts showing such necessity stated in the said order of sale or decree, a copy of which said decree is hereto attached and made part of this answer, marked "Exhibit B," nor was there any other decree or order for such sale, or any other foundation therefor than said defective petition."

A demurrer to the answer as to that paragraph, as being insufficient in its statement of facts and denials of

those of the complaint, to constitute a defense in whole or part to the action, was sustained. Certain other allegations of the answer were stricken out, and upon the remaining issues made by the pleadings the plaintiff had judgment, from which this appeal is taken.

The important question in the case is as to whether the sale of the land was absolutely void, and could not give to the defendant even the title which the decedent may have had to the land. If the sale was absolutely void, and the defendant could get nothing whatever for his money, it does not seem as though the contract attempted to be enforced is so fair and just that a court of equity would force him, without any consideration whatever, to pay over the price for which he endeavored to buy the decedent's interest in the land, and through no fault on his, the defendant's, part failed to obtain it. (*Agard* v. *Valencia*, 39 Cal. 302; *Bruck* v. *Tucker*, 42 Cal. 353.)

An examination of the petition for the sale, and schedule D, to which it refers, shows a description of the land sought to be sold, and discloses the fact that the only recital upon the subject of the condition and value of the land is that it was an "unperfected claim under the homestead laws of Congress to southwest quarter of southwest quarter of east half, and lot 4 of southwest quarter of section 30, township 16 north, range 5 east, in Long Bar township, Yuba County, California."

It is not stated what it was worth, whether it was improved or unimproved, productive or unproductive, occupied or vacant, and the like. Nor is any other information given by which the court could intelligently have exercised its judgment that this portion of the property of the estate could be most advantageously sold, so that unless the decree of sale is of such a character (under section 1537, Code of Civil Procedure) as to cure the defects of the petition, the sale was void for the want of jurisdiction in the court to order it. (*Fitch* v.

*Miller*, 20 Cal. 385; *Estate of Smith*, 51 Cal. 563; *Estate of Boland*, 55 Cal. 315.)

The portion of section 1537, *supra*, applicable here is, "but a failure to set forth the facts showing the sale to be necessary will not invalidate the subsequent proceedings, if the defect be supplied by the proofs at the hearing, and the general facts showing such necessity be stated in the decree."

In the order of sale there is an entire absence of any recital that proofs of the necessity for the sale of the land for any of the statutory purposes was had at the hearing, or any proof at all, nor is there anything in the decree which even tends to show the existence of any "general facts" which would create such a necessity for the sale of the land as the law requires. This being so, the sale was void, and the defendant ought not to be compelled to pay a sum of money for absolutely nothing.

The demurrer to the answer was improperly sustained, and the judgment should be reversed.

HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed.

Rehearing denied.