[S. F. No. 680. Department One.—December 31, 1897.]

In the Matter of the Estate of GIOVANNI DEVINCENZI, Deceased, A. DEVINCENZI, Administrator, Appellant, v. LUIGI FIGONE, Respondent.

ESTATES OF DECEASED PERSONS—ORDER OF SALE—SUFFICIENCY OF PETITION—COLLATERAL ATTACK UPON ORDER.—An order of sale of real property belonging to the estate of a deceased person is an appealable order, and cannot be collaterally attacked for any objection to the petition upon which the order was made, which might have been corrected upon a direct appeal therefrom, unless such petition is so defective that the court did not acquire jurisdiction to make the order; and an objection made by the purchaser at the sale to an order confirming it, upon the ground that the petition for the sale did not properly state the condition of the property ordered sold, is a collateral attack upon the order of sale.

ID.—INDEFINITE STATEMENT AS TO CONDITION OF PROPERTY—JURISDICTION—COLLATERAL ATTACK BY PURCHASER.—Where the petition for the order of sale set forth a full description of the property, showing that it was improved, and stated that its condition was "fair," and that its value was four thousand dollars, such indefinite statement of its condition, though it might have been objected to at the hearing on the ground of uncertainty, was sufficient to give the court jurisdiction to determine the sufficiency of the petition, and to receive evidence as to the condition of the property, and to make a valid order of sale, which cannot be collaterally attacked by the purchaser at the sale for insufficiency of the petition.

ID.—DEGREE OF PARTICULARITY REQUIRED—SALE OF SINGLE PARCEL.—The sufficiency of the particulars of the condition of the property which should be set forth in a petition for an order of sale of real estate of a decedent must be determined by the circumstances of each case; and where it is shown to be necessary to make a sale of property for the purpose of paying claims, and the estate consisted of a single piece of real property, a court would require less particularity in the petition than where the estate comprises several pieces of property, and it is required to direct the sale of only one.

APPEAL from an order of the Superior Court of the City and County of San Francisco, denying confirmation of the sale of the real estate of a decedent, and annulling the sale and vacating the proceedings had under the petition for the order of sale, and directing return of the amount deposited by the purchaser. Charles W. Slack, Judge.

The facts are stated in the opinion of the court.

James A. Devoto, for Appellant.

T. M. Osmont, for Respondent.

HARRISON, J.—Under an order made by the superior court for the sale of certain real property belonging to the estate of the above-named decedent, the administrator sold the same to the respondent and thereafter made a return of his proceedings and asked for a confirmation of the sale. Upon the hearing the purchaser objected to the confirmation, and asked that the sale be set aside, upon the ground that the petition for the order of sale was defective in not sufficiently setting forth the condition of the property. No other objection was made to the regularity of the proceedings for the sale. The court held that the petition was defective, set aside the proceedings thereunder, and vacated the sale to the respondent. From this order the administrator has appealed.

The objection made to the petition by the respondent in the proceeding appealed from is a collateral attack upon the order of sale, as much so as if it had been made in any other proceeding to enforce a contract of sale where the validity of the order was involved. (*Matter of Dolan*, 88 N. Y. 309; *Wing v. Dodge*, 80 Ill. 564; Van Fleet on Collateral Attack, sec. 7.) The order of sale was made May 12, 1896, and was an appealable order. Any

error that the court may have committed in making it could have been corrected upon a direct appeal therefrom. If, however, the petition upon which the order was made is so defective that the court did not acquire jurisdiction, the order may be assailed at any time upon a collateral as well as upon a direct attack; but, if the facts stated in the petition were sufficient to confer jurisdiction upon the court to hear the application, its order directing a sale cannot be impeached upon a collateral attack. (*Morrow v. Weed,* 4 Iowa, 77; 66 Am. Dec. 122; *Bryan v. Bauder,* 23 Kan. 95; *Burris v. Kennedy,* 108 Cal. 331.)

In the petition for the sale, the administrator stated "that a full description of all the real estate of which the said decedent died seised, or in which he had any interest, or in which the said estate has acquired any interest, and the condition and value of the said real estate, are set forth in the schedule marked 'D,' hereunto attached and made a part of this petition." In the schedule referred to, the property was described as "an undivided one-half interest in that certain piece or parcel of land, with the improvements," giving the boundaries of the lot and stating that its condition was "fair," and its value four thousand nine hundred dollars. Upon this petition, and after proof that notice of the hearing had been given as required by law, the court made its order of sale.

It appears from the description of the property thus given that it was improved, and the petition purported to state its condition, and, although the statement was not very definite, and might have been objected to at the hearing on the ground of uncertainty, no objection was made. As the petition, although defective in its allegations, contained a statement which purported to set forth the condition of the property, the attention of the court was challenged to its merits, and it was authorized to determine whether the statement was sufficient. The court had jurisdiction to determine whether a statement that the condition of the property was "fair" was sufficient, and, even though it had erred in its conclusion, its judgment was not void. There was a sufficient statement to authorize the court to receive evidence in reference to the condition of the property, and to determine whether, in view of the condition of the estate, it would

authorize its sale. The statute does not specify any particulars of the condition of the property which are to be set forth in the petition, and the sufficiency of the particulars in a petition must be determined by the circumstances of each case. In a case like the present, where it was shown to be necessary to make a sale of some of the property of the estate for the purpose of paying claims against it, and the estate of the decedent consisted of a single piece of real property, a court would require less particularity in the petition than where the estate comprised several pieces of property, and it was required to direct the sale of only one (*Burris v. Kennedy, supra*), since in the latter case, as was said in *Estate of Smith*, 51 Cal. 563, "such information is necessary to enable the court to intelligently exercise its judgment in the selection of the property of the estate which can be most advantageously sold." It is to be observed, moreover, that in the estate of Smith the question arose upon a direct appeal from the order of sale, and what is there said is inapplicable where the question arises upon a collateral attack.

It must be held, therefore, that the petition sufficiently stated the facts necessary to give jurisdiction to the court, and that its order thereon, being a judicial determination in a proceeding of which it had jurisdiction over the subject matter and the parties interested therein, is not subject to a collateral attack.

The order is reversed.

Garoutte, J., and Van Fleet, J., concurred.