[S. F. No. 3553.   Department One.—January 16, 1904.]

In the Matter of the ESTATE OF HENRY LEVY, Deceased. PAULINE LEVY, Appellant, v. MYER JACOBS, and HERMAN MORRIS, Executors, etc., et al., Respondents.

ESTATES OF DECEASED PERSONS—APPEAL FROM ORDER OF SALE—GENERAL DEMURRER TO PETITION—WAIVER OF SPECIAL OBJECTIONS.—Upon appeal from an order of sale of real property of a deceased person, taken by the surviving wife, who is also a devisee and legatee under the will of the decedent, the appellant occupies no more advantageous position, so far as the insufficiency of the petition is concerned, by having filed a general demurrer thereto, than if she had not presented such demurrer, the question being in either case whether the petition is substantially defective in any of the requirements of section 1537 of the Code of Civil Procedure. Where no ground of special demurrer or special objection was urged to the petition in the lower court, all special objections thereto which might have been successfully urged in the court below are to be deemed waived.

ID.—VALUES OF REALTY—REFERENCE TO SCHEDULE—APPRAISED VALUES—Where the petition for the order of sale refers to a schedule for the values and condition of the real estate, and the values there set forth are the appraised values thereof, this, in the absence of special objection, is a sufficient statement of the present values.

ID.—CONDITION OF REALTY—TENABLE SPECIAL OBJECTION—EVIDENCE.—Where the only description of the condition of two city lots is,

that each of the two parcels was improved, that one had been set apart as a homestead for the period of administration, and that the other was encumbered by a mortgage for ten thousand dollars, if timely special objection had been urged to the petition for insufficiency of such statement of condition, it should have been sustained. But, in the absence of such special objection, the statement of condition of the real property is not to be deemed fatally defective. It was sufficient to authorize the court to receive evidence of the condition of the lots, and to determine, in view of such evidence, whether it would authorize a sale.

ID.—OMISSION AS TO FAMILY ALLOWANCE—PURPOSE OF SALE—PRESUMPTION UPON APPEAL.—The omission of the petition to state the amount due or to become due on the family allowance does not render the petition insufficient in the absence of special objection; and where the sale was not ordered to pay the family allowance, it will not be presumed upon appeal that anything was due or to become due thereon.

ID.—OMISSION TO NAME HEIRS AS SUCH.—The omission of the petition to state that the persons named therein as devisees and legatees were also the only heirs of deceased, as appears from the order of sale, was not fatal to the order.

ID.—PETITION BY EXECUTORS—OFFICIAL CHARACTER.—A petition by executors for an order of sale in the matter of the estate, presented to the court in which the estate was pending, and by which they were appointed, if appointed at all, is not objectionable upon the ground that it did not sufficiently show their official character.

APPEAL from an order of the Superior Court of the City and County of San Francisco directing the sale of real estate of a deceased person. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

W. T. Kearney, for Appellant.

Arthur J. Dannenbaum, for Executors, Respondents.

T. E. Pawlicki, and Otto Irving Wise, for Heirs and Devisees, Respondents.

Hugo D. Newhouse, for Edward Calame, Assignee of Louis B. Levy, Respondent.

ANGELLOTTI, J.—This is an appeal by Pauline Levy, the surviving wife of deceased, who is also a devisee and legatee under his will, from an order of the superior court

made in the administration of his estate, authorizing the executors of his will to sell a parcel of real property belonging to his estate.

It is claimed by appellant that the petition of the executors for the order of sale, and upon which the order is based, did not substantially comply with the requirements of section 1537 of the Code of Civil Procedure, and that the court erred in making an order of sale thereon. Her general demurrer to the petition on this ground was overruled in the court below.

It is contended that the petition was defective in that it contained no sufficient statement of the condition or value of the real estate of the deceased, and no statement at all as to the names of his heirs or as to family allowance. There was no statement in the petition as to want of knowledge on the part of the executors as to any of these matters.

The only statements in the petition as to the condition and value of the real estate of decedent were as follows, viz.: The petition alleged that the full description of the real estate "and the condition and value of the respective portions and lots of said real estate are set forth in the schedule marked 'D' hereto annexed, and made a part of this petition." Schedule "D" contained descriptions, by metes and bounds, of two city lots in the city and county of San Francisco. The first description ends as follows, viz.: "*With the improvements thereon.* The appraised value of said lot *and improvements,* according to the inventory, is $17,500.00. This property has been set aside to the widow as a homestead until the final distribution of the estate; however, both the executors and the other heirs are at present perfecting an appeal to the supreme court, appealing from the order of this court setting aside this property to the widow as a homestead for this period."

The second description commences as follows, viz.: "Other property of the estate consists of all that land *with the improvements thereon,* situated," etc., and ends as follows, viz.: "This lot *and the improvements thereon* according to the inventory is appraised at $19,700.00. Upon this property there is a mortgage of ten thousand ($10,000.00) dollars, bearing interest at the rate of 6 per cent per annum, held by the

CXLI. Cal.—41

Hibernia Savings and Loan Society of the city and county of San Francisco.''

The petition did not purport to state the names of the heirs, but did contain a statement as to who were the devisees and legatees. The order of sale contains a statement of the names of the heirs, and it appears that they were all legatees or devisees and named in the petition as such.

The petition contains no statement whatever as to any amount that is due or will become due upon the family allowance, nor any statement indicating that anything was so due or to become due thereon, except that it did state that there was an insufficiency of personal estate to pay, among other things, ''the allowance of the family.'' The payment of family allowance was not, however, one of the purposes for which the sale was ordered by the court to be made. The order of sale authorized the sale of the parcel mortgaged to the Hibernia Savings and Loan Society. Section 1537 of the Code of Civil Procedure requires the applicant for an order for the sale of real property to ''present a verified petition,'' setting forth among other things ''the amount due upon the family allowance or that will be due after the same has been in force for one year; . . . . a general description of all the real property of which the decedent died seised, or in which he had any interest, or in which the estate has acquired any interest, and the condition and value thereof; . . . the names of the legatees and devisees, if any, and the heirs of the deceased, so far as known to the petitioner,'' and further provides that ''If any of the matters herein enumerated cannot be ascertained, it must be so stated in the petition; but a failure to set forth facts hereinbefore enumerated will not invalidate the subsequent proceedings if the defect be supplied by the proofs at the hearing and the general facts showing that such sale is necessary, . . . be stated in the decree.''

So far as the question of insufficiency of the petition is concerned, appellant occupies no more advantageous position by reason of the filing of her general demurrer than she would have occupied had she presented no demurrer and simply appealed from the order of sale. In either event the question for determination is as to whether or not the petition is substantially defective in any of the requirements of section 1537

of the Code of Civil Procedure. A substantial compliance with the provisions of that section is of course essential to the validity of the order on direct appeal. (*In re Byrne,* 112 Cal. 176; *Estate of Cook,* 137 Cal. 184.) As was held, however, in *Estate of Heydenfeldt,* 127 Cal. 456, which was an appeal from an order of sale, "The point that a statement is insufficient which is easily understood as an attempted statement of a particular fact, and is merely shadowed by some uncertainty or want of fullness or aptness of expression, can be reached only by a special demurrer or objection in the court below." (See, also, *Estate of Devincenzi,* 119 Cal. 498, 500; *Silverman* v. *Gundelfinger,* 82 Cal. 548.) There can be no good reason why parties who have been duly notified of the proceeding for a sale should not be required to make objections of such a nature in the lower court or be deemed to have waived them, just as in the ordinary civil action they are deemed to have waived them, unless they make them by special demurrer. This is especially true of such statements as do not go to the real merits of the question before the court,— viz., the question as to the necessity for a sale of realty of the deceased. If the commissioner's opinion in *Estate of Cook,* 137 Cal. 184, which was a case where there was no attempt in the petition to state the value of the land, is at all at variance with these views, it may properly be said that such opinion is signed by only two justices of this court, and Mr. Justice McFarland concurred solely on the ground that the court in its decree did not find the value of the property. Tested by the rule stated in *Estate of Heydenfeldt,* 127 Cal. 456, we are of the opinion that, in the absence of special demurrer or objection, the petition was sufficient.

The schedules attached to the petition constituted a part thereof. In the body of the petition it was stated that the values and condition of the realty are set forth in schedule "D," and the only values there set forth, are the appraised values. This was a sufficient statement as to present value in the absence of special objection. As was said in *Silverman* v. *Gundelfinger,* 82 Cal. 548, such an averment in the body of the petition may fairly be taken as an averment that the amount named in the schedule is the present value of the property, and fully and fairly answers the purposes of the code.

The most serious point is as to the sufficiency of the statement as to the condition of the property. It does appear from the schedule that each of the two parcels was improved, that one had been set apart as a homestead for the period of administration, and that the other was encumbered by a mortgage for ten thousand dollars. This was not a very full statement of the condition of two city lots. The case of *Richardson* v. *Butler*, 82 Cal. 174,[1] holding that the designation of a city lot as "unimproved" is a sufficient description of its "condition," is hardly authority for the proposition that the designation of a city lot as "improved" would be sufficient, for the difference in this regard between an improved and an unimproved city lot is manifest.

As was said by this court in *Estate of Smith*, 51 Cal. 563, "The court should be informed by the petition of the condition of the property; that is, whether the property is improved or unimproved, productive or unproductive, occupied or vacant, and the like." This is for the purpose of enabling the court to intelligently exercise its judgment in the selection of the property of the estate which can be most advantageously sold. If timely and proper objection had been made to the petition on this ground, it would undoubtedly have been sustained. But the statement of condition here was certainly as complete as that involved in the case of *Estate of Devincenzi*, 119 Cal. 498, where the only statement as to a piece of land, in addition to its value and the fact that it was improved, was, that its condition was "fair." Manifestly, no one could tell what was meant by the word "fair" in that connection. It was there said that the petition purported to state the condition, and that although the statement was not very definite, and might have been objected to at the hearing on the ground of uncertainty, no such objection having been made, it was sufficient to authorize the court to receive evidence in reference to the condition of the property, and to determine whether, in view of the condition of the estate, it would authorize its sale. It is true that in that case the attack was collateral, being the objection of a purchaser to the confirmation of a sale made to him, and it is further true that the estate of decedent consisted of a single piece of real prop-

---

[1] 16 Am. St. Rep. 101.

erty. As was said in that case, however, the statute does not specify any "*particulars*" of the condition of the property which are to be set forth in the petition, and as against one who was not only legally notified, but who actually appeared in the lower court, and failed to make special objection on this ground, we are satisfied that the action of the lower court in holding the statement to be sufficient should be affirmed. The record does not indicate that there was any claim in that court that the parcel finally ordered sold was not the parcel that could be most advantageously sold, and also shows very clearly that a sale of one of the parcels was necessary to pay the debts of the deceased.

As to the omission to state the amount due or to become due on the family allowance, the petition was sufficient in the absence of special objection. If there had been any amount due or to become due thereon, it should, of course, have been stated, and if there was no amount due or to become due, it would have been the better practice to so state although the statute does not in terms so require. The sale was, however, not ordered for the purpose of paying any family allowance, and we will not, upon appeal, indulge in the presumption that there was anything due or to become due. It may also be remarked that if anything was so due or to become due, it created a greater necessity for the sale for the purposes for which the sale was ordered. The omission to state that the persons who were named in the petition as the devisees and legatees were also the only heirs of deceased, as appears from the order, was not fatal to the validity of the order. As a matter of fact, the names of all the heirs were stated in the petition. This fact is established by the order of sale.

There is nothing in the objection that the petition did not sufficiently show the character of petitioners as executors, for all the purposes of a petition for an order of sale presented to the court in which the estate was pending, and by which court they must have been appointed, if appointed at all.

The order is affirmed.

Shaw, J., and Van Dyke, J., concurred.

Hearing in Bank denied.