PLAINS LAND & IMPROVEMENT CO. ET AL., APPELLANTS, *v.* LYNCH ET AL.. RESPONDENTS.

(No. 2,551.)

(Submitted December 15, 1908. Decided February 8, 1909.)

[99 Pac. 847.]

*Probate Proceedings—Estates of Deceased Persons—Sale of Real Property—Petition for Order to Sell—Contents—Defects—Jurisdiction—Collateral Attack.*

Estates of Decedents—Real Property—Sale—Petition—Statutes—Substantial Compliance.
　　1.　A petition for the sale of real estate of a decedent, which complies substantially with the provisions of section 7562, Revised Codes, prescribing what such paper shall contain, is sufficient.

Same—Petition for Sale—Contents—Jurisdiction.

    2.　*Held*, that the requirement of section 7562, Revised Codes, that the *condition* and *value* of the real estate of a deceased person shall be set forth in a petition to sell such real property to pay debts, is not jurisdictional; and that, upon a collateral attack, defects in the petition with reference to such matters will not operate to set aside the proceedings had on the petition for leave to sell, after the sale has been made and the purchaser has, in good faith, paid the purchase price and gone into possession of the land sold.

Same—Defective Petition—Sale—Collateral Attack.

    3.　A petition to sell real estate of a decedent, which in its statement as to the *condition* thereof was so defective as to amount to an entire omission in this regard, and which as to its value set forth that it had been "appraised at the sum of $2,000" (which appraisement was had less than one year prior to the presentation of the petition), was not so defective as to render the sale void on a collateral attack, in an action to quiet title brought by heirs of the estate.

Same—Minute Entry—Evidence—Signature of Judge—Surplusage.

    4.　An entry in the minute-book required to be kept by section 7701, Revised Codes, for probate proceedings, of an order to show cause why real estate of a deceased person should not be sold, as asked by a petition filed for that purpose, was sufficient evidence of the fact that the order was duly made, and the act of the clerk in signing the judge's name to the entry did not render it incompetent as evidence. The signature was surplusage.

Same—Order of Sale—Omission of Terms—Cured by Confirmation.

    5.　Where real estate of a deceased person was sold, on the petition of the administratrix, for cash and for considerable more than its appraised value, and the court after a full hearing confirmed the sale, the failure of the order of sale to state the terms thereof was cured by such confirmation.

Same—Order of Sale—Clerical Error—Effect.

    6.　The petition for an order of sale of the real estate of a decedent, consisting of one parcel of land, the notices of sale, the order of confirmation and the deed correctly described the land to be sold as being situated in range "26," etc. In the order of sale (which referred to the petition), however, it was described as located in range "25." The land was sold, the deed delivered, the purchase price paid, and the purchaser platted the land for city additions and had sold portions thereof to others, when certain of the heirs of the estate brought suit to quiet title, claiming, *inter alia*, that by reason of the misdescription of the land in the order, the sale was void. *Held*, that taking into consideration all the records in the proceedings leading up to the sale, the substitution of the figures "25" for "26" in the order of sale was a clerical error, and that under the circumstances disclosed the sale should not, on collateral attack, be declared void for such error.

Same—Irregularities—Errors Within Jurisdiction—Review.

    7.　Where the district court had jurisdiction to make an order of sale of a decedent's real estate, and the order itself was not void, any defects in the proceedings leading up to the sale were errors within jurisdiction, subject to review on appeal in the probate proceedings only, and not open to collateral attack by heirs seeking to set aside the sale for errors which amounted only to irregularities in the proceedings, and which, under section 7625, Revised Codes, must be disregarded.

    (Mr. Chief Justice Brantly dissenting.)

*Appeal from District Court, Missoula County; Geo. B. Winston, Judge, presiding.*

ACTION by the Plains Land and Improvement Company and others against Charles A. Lynch and others. Judgment for defendants, and plaintiffs appeal from it and an order denying them a new trial.   Reversed and remanded.

*Messrs. Woody & Woody, Messrs. Marshall & Stiff, Mr. H. J. Burleigh, Mr. Albert J. Galen,* and *Mr. W. H. Poorman,* for Appellants.

The recitals in a petition for the sale of real estate of a deceased person need only show a substantial compliance with the requirements of section 7562, Revised Codes. The petition in this case was at least an attempt to comply, which could only be taken advantage of at the time fixed in the order to show cause. (*Stuart* v. *Allen,* 16 Cal. 474, 76 Am. Dec. 551; *Wilson* v. *Hastings,* 66 Cal. 243, 5 Pac. 217; *Estate of Heydenfeldt,* 127 Cal. 458, 59 Pac. 839; *In re Boland's Estate,* 55 Cal. 310; *Burris* v. *Adams,* 96 Cal. 664, 31 Pac. 565; *Richardson* v. *Butler,* 82 Cal. 174, 23 Pac. 9; *Estate of Arguello,* 85 Cal. 154, 24 Pac. 641.)

If there were any defects in the petition for the order of sale, such defects, if any, were cured by the recitals in the order of sale.   (*Ackerson* v. *Orchard,* 7 Wash. 377, 34 Pac. 1107, 35 Pac. 605.)

Here we have an order made by a court of competent jurisdiction and appearing upon the records of said court as an official act, performed by a public officer. The law will presume official acts of public officers to have been rightfully done, and acts done which presuppose the existence of other acts to make them legally operative are presumptive proof of the latter. (*Bank of United States* v. *Dandridge,* 12 Wheat. 70, 6 L. Ed. 552; *McNitt* v. *Turner,* 16 Wall. (U. S.) 363, 21 L. Ed. 341; *Coombs* v. *Lane,* 4 Ohio St. 112; *Ward* v. *Barrows,* 2 Ohio St. 241; *Tecumseh Townsite Case,* 3 Neb. 267; *Seward* v.

*Dider,* 16 Neb. 58, 20 N. W. 12; *Cornett* v. *Williams,* 20 Wall. (U. S.) 250, 22 L. Ed. 254; *Johnson* v. *Beazley,* 65 Mo. 250, 27 Am. Rep. 276.) "When an act is to be done which can be done legally only after the performance of some prior act, proof of the latter carries with it a presumption of the due performance of the prior act." (*Knox County* v. *Ninth National Bank,* 147 U. S. 96, 13 Sup. Ct. 267, 37 L. Ed. 93; *Nofire* v. *United States,* 164 U. S. 657, 17 Sup. Ct. 212, 41 L. Ed. 588; *Huey* v. *Van Wie,* 23 Wis. 613; *Delaney* v. *Schuette,* 49 Wis. 366, 5 N. W. 796.)

Public policy requires that all reasonable presumptions should be made in support of judicial sales, especially respecting matters *in pais.* (*Wyman* v. *Campbell,* 6 Port. (Ala.) 219, 31 Am. Dec. 677; *Massenberg* v. *Denison,* 71 Fed. 618, 18 C. C. A. 280; *Gray* v. *Gardiner,* 3 Mass. 401.)

"An order or decree confirming a judicial sale is a final and conclusive judgment determining the rights of the parties, possessing the same force and effect as any other adjudication by a court of competent jurisdiction." (*Allison* v. *Allison,* 88 Va. 328, 13 S. E. 549; *Kincaid* v. *Tutt,* 88 Ky. 392, 11 S. W. 297; *State National Bank* v. *Neel,* 53 Ark. 110, 22 Am. St. Rep. 185, 13 S. W. 700; *Thomas* v. *Davidson,* 76 Va. 338; *Brown* v. *Gilmore,* 8 Md. 322; *Dawson* v. *Litsey,* 10 Bush, 48; see, also, *Berlin* v. *Melhorn,* 75 Va. 639; *Thomas* v. *Davidson,* 76 Va. 338; *Karn* v. *Rorer Iron Co.,* 86 Va. 754, 11 S. E. 431; *Brown* v. *Gilmore,* 8 Md. 322; *Allison* v. *Allison,* 88 Va. 328, 13 S. E. 549.)

Jurisdiction having attached in a case, everything done within the power of that jurisdiction, when collaterally questioned, is held to be conclusive of the rights of the parties unless impeached for fraud. (*Manson* v. *Duncanson,* 166 U. S. 547, 17 Sup. Ct. 647, 41 L. Ed. 1105; *Thompson* v. *Tolmie,* 2 Pet. 168, 78 L. Ed. 381; *Cooper* v. *Reynolds,* 10 Wall. 308, 19 L. Ed. 931.)

Defendant Mary Boyer is estopped by her acts from denying the validity of the sale of said land made by her as administratrix, and is also estopped from asserting any right, or

claiming any interest or estate in the land in controversy. (*Hostler* v. *Hays,* 3 Cal. 303; *Carpy* v. *Dowdell,* 115 Cal. 677, 47 Pac. 695; *Caldwell* v. *Auger et al.,* 4 Minn. 217, 77 Am. Dec. 515; *Coleman* v. *Pearce,* 26 Minn. 126, 1 N. W. 846; *Crawford* v. *Nolan,* 70 Iowa, 97, 30 N. W. 32; *Linman* v. *Riggins,* 40 La. Ann. 761, 8 Am. St. Rep. 549, 5 South. 49, 18 Cyc. 339, note 65; *Davis* v. *Ford,* 15 Wash. 107, 45 Pac. 739, 46 Pac. 393.)

A guardian cannot attack the validity of a sale that he has made. (*Williamson* v. *Woodman,* 73 Me. 163; *State* v. *Weaver,* 92 Mo. 673, 4 S. W. 697; *Dodge* v. *St. John,* 96 N. Y. 260.) As between guardians' and administrators' acts, the principle is the same, and the law applicable to guardians will apply with equal force to administrators.

*Mr. T. J. Walsh, Mr. W. N. Noffsinger, Mr. H. D. Folsom, Jr.,* and *Mr. H. C. Schultz,* for Respondents.

This is not a case of substantial compliance with the requirements of the statute, as contended by appellants, but one of defects and omissions amounting to a failure to show jurisdictional facts, and herein is where the cases cited by appellants differ materially from the case at bar. A particularly able discussion of the matters necessary to be stated in the petition is to be found in the case of *Haynes* v. *Meeks,* 20 Cal. 288, at 312. Proceedings for the sale of real estate in the probate court are in the nature of an action, and ''the jurisdiction of the probate court depends absolutely on the sufficiency of the petition; in other words, on its substantial compliance with the requirements of the probate law.'' (*Estate of Boland,* 55 Cal. 310-315.) The omission of any fact required by statute to be stated in the petition makes the sale void. (*Pryor* v. *Downey,* 50 Cal. 388, 19 Am. Rep. 656; *Davidson* v. *Wampler et al.,* 29 Mont. 61, 74 Pac. 82; *Jones* v. *Falvella,* 126 Cal. 24, 58 Pac 311; *Stilwell* v. *Swarthout,* 81 N. Y. 109; *In re Slater's Estate,* 17 Misc. Rep. 474, 41 N. Y. Supp. 534.) Unless the petition states the facts required by the statute, the court does not acquire jurisdiction of the matter, and has no power to confirm the sale or to impart validity to it. (*Gregory* v. *Taber,* 19 Cal.

397, 79 Am. Dec. 219.)    It is a fatal defect in the petition that
it does not contain a statement of the condition or value of the
real estate to be sold.    This is a jurisdictional fact.    Its omis-
sion renders the sale void.    (*Estate of Boland, supra; In re
Smith,* 51 Cal. 563; *Kertchem* v. *George,* 78 Cal. 597, 21 Pac.
372; *Fitch* v. *Miller,* 20 Cal. 352; *In re Devincenzi's Estate,*
119 Cal. 498, 51 Pac. 845; *Townsend* v. *Gordon,* 19 Cal. 189;
*Gregory* v. *Taber,* 19 Cal. 410, 79 Am. Dec. 219; *Gregory* v.
*McPherson,* 13 Cal. 575; *Pryor* v. *Downey,* 50 Cal. 388, 19 Am.
Rep. 656.)    The foregoing citations apply with equal force to
the defendants' objections that the petition does not set forth
the debts, expenses and charges of administration already ac-
crued.

Absence of any order to show cause is fatal to the validity of
the sale.    (*Townsend* v. *Tallant,* 33 Cal. 51, 91 Am. Dec. 617;
*Campbell* v. *Drais,* 125 Cal. 253, 57 Pac. 995; *Burris* v. *Ken-
nedy,* 108 Cal. 331, 41 Pac. 460.)    An administrator's sale,
ordered and confirmed without proper notice to the heir, is void
and collaterally assailable.    (*Gibbs* v. *Shaw,* 17 Wis. 197, 84
Am. Dec. 737; *Morris* v. *Hogle,* 37 Ill. 150, 87 Am. Dec. 243;
*Schnell* v. *Chicago,* 38 Ill. 382, 87 Am. Dec. 304.)    Where the
only notice or citation found among the records is insufficient,
it is evidence to show that no legal notice or citation has ever
been issued or served.    (*Dogan* v. *Brown,* 44 Miss. 235.)    Here
the record is not entirely silent, and, therefore, the jurisdictional
facts are not presumed to have existed.    (*Withers* v. *Patter-
son,* 27 Tex. 491, 86 Am. Dec. 643; *Settlemier* v. *Sullivan,* 97
U. S. 444, 24 L. Ed. 1110.)

The order of sale in this matter was void.    Orders and judg-
ments which the court has not the power to make or render
are null and void, and being null, their nullity may be asserted
in any collateral proceeding where they are relied on in sup-
port of a claim of right.    (Cases cited *supra*.    Also, *Withers* v.
*Patterson,* 27 Tex. 491, 86 Am. Dec. 643; *Trammel* v. *Philleo,*
33 Tex. 395; *Ferguson* v. *Crawford,* 70 N. Y. 253, 26 Am. Rep.
589; *Hood* v. *Hood,* 85 N. Y. 578.)    An order of confirmation

cannot validate the sale.   (17 Am. & Eng. Ency. of Law, 993, and notes 1, 2, p. 994.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action to quiet title.   The plaintiffs claim under a deed from the administratrix *de bonis non* of the estate of Neptune Lynch, Sr.   The defendants are three of the four heirs at law of Neptune Lynch, Sr., and claim an estate in the property in controversy by inheritance.   The trial court found the issues in favor of the defendants, and a decree was rendered and entered quieting their title to an undivided three-fourths interest in the land in controversy, subject, however, to a lien in favor of the plaintiffs for $1,854.80, that being three-fourths of the amount paid for the property at the sale by the administratrix.   From the judgment and order denying them a new trial the plaintiffs appeal.   Counsel for respondents in their brief point out a number of defects in the probate proceedings leading up to the sale, which they insist render the sale void.

1. The first of these alleged defects relates to the petition to sell real estate.   Section 7562 of the Revised Codes provides that a petition for the sale of real estate shall set forth (1) the amount of personal property that has come into the hands of the administrator; (2) how much thereof, if any, remains un-disposed of; (3) the debts outstanding against the decedent, as far as can be ascertained or estimated; (4) the amount due upon the family allowance, or that will be due after the same has been in force one year; (5) the debts, expenses and charges of administration already accrued; (6) an estimate of what will or may accrue during the administration; (7) a general description of all the real property of which the decedent died seised, or in which he had any interest, or in which the estate has acquired any interest; (8) the condition and (9) the value thereof; (10) the names of the legatees and devisees, if any; and (11) the names of the heirs of the deceased, so far as known to the petitioner.

The petition in this instance omits any reference, in terms, to the matters required in subdivisions 2, 4, or 10; attempts to state the requirements of subdivision 5 by giving the amount of debts, expenses, and charges of administration accrued and *remaining unpaid;* recites, with reference to the requirements mentioned in subdivisions 7, 8 and 9, that "the following is a full description of all the real estate of which the decedent died seised, or in which he had any interest, or in which said estate has acquired any interest: Lot Number One (1), and the NE. ¼ of SE. ¼ of Section Number Twenty-seven (27), Township Twenty (20) North, Range Twenty-six (26) West, less right of way of Northern Pacific Railway Company, and parcel set apart for school ground, and appraised at the sum of $2,000.00"; and in other respects the petition appears to have complied literally with the section above. The petition itemizes the personal property which had come into the hands of the administratrix, and prays for an order to sell all of it, so that it may be said to appear that all of the personal property that had come into her hands remained undisposed of. The petition also sets forth that Neptune Lynch, Sr., died intestate, and this may be treated as a sufficient statement that there are not any legatees or devisees. It does not appear from the petition what, if anything, is due upon family allowance, if any ever had been made. But, since the purpose of requiring these various items of debts, charges and expenses to be stated is to inform the court of the financial condition of the estate, and whether or not in any event a sale of property is necessary, and since a family allowance is in fact a charge against the estate, and since the petition in this instance assumes to state the full amount of all of such charges, one of two conclusions seems inevitable: Either that there was not any family allowance made, or, if made, it is included in the total charges enumerated. However, this particular defect is not urged upon us by counsel for respondents in their brief, and we may treat the petition in this respect as complying substantially with the requirements of the statute.

The principal contention, however, arises over the alleged failure of the petition to state the condition and value of the real estate. All that is said in the petition on the subject is quoted above. But counsel for appellants contend that the language, "less right of way of Northern Pacific Railway Company and parcel set apart for school grounds, and appraised at $2,000," refers to the condition of the land, and is a sufficient reference to enable the court to proceed with a hearing on the petition. We content ourselves with saying that, if this was intended for the purpose, it is so indefinite and uncertain as to be of no practical use; and, since we must assume that the legislature had some purpose in mind in requiring this matter to be stated, that purpose would obviously be circumvented by allowing a statement of this character to meet the requirement. We prefer to treat the petition as omitting any statement as to the condition of the real property. But is this such a defect as to render the order of sale void and open to collateral attack?

As we understand counsel for respondents, they do not insist that every fact required to be stated by section 7562 is jurisdictional, for they do not insist upon a literal compliance with the statute, but concede that the rule of construction is that a substantial compliance with the requirements of the statute is all that is required. The object of the proceeding under this section is to obtain an order to sell, and, before such order can be made, the necessity for the sale must be made to appear; and while this section, in subdivision 11, requires the names of the heirs, so far as known, to be given, it is inconceivable that the name of a particular heir could be of the slightest possible assistance to the court or judge in determining whether the necessity for the sale exists. With the object of this proceeding before us, we imagine that it will be conceded by everyone that a petition which on its face shows the sale to be necessary will be sufficient when drawn in question by a collateral attack upon the order of sale. But what are the facts which show the sale to be necessary? In the early case of *Haynes* v. *Meeks*, 20 Cal. 288, Chief Justice Field, speaking for the court, said

in effect that the petition must show, first, the insufficiency of the personal property to pay the debts, and, second, the necessity for selling real estate, and that such necessity does not follow as of course from a mere insufficiency of personal property; that, if the real estate is yielding an income sufficient to pay the outstanding debts and charges, there would not be any necessity for a sale, and that the necessity must appear from the description of the land, its condition, and value. The opinion is further expressed that facts showing the description, condition and value of the land cannot be dispensed with from the petition any more than the statement of the debts or personal property. This case was decided in 1862. In January, 1877, the same court, in construing the same statute, said: "The court should be informed by the petition of the condition of the property; that is, whether the property is improved or unimproved, productive or unproductive, occupied or vacant, and the like. Such information is necessary to enable the court to intelligently exercise its judgment in the selection of the property of the estate which can be most advantageously sold." (*Smith's Estate*, 51 Cal. 563.) This was the last and controlling pronouncement by that court at the time we adopted the statute from California in February, 1877; and upon the theory that, in adopting the statute, we also adopted the construction placed upon it at the time by the highest court of the state from which we took the statute, we might content ourselves by saying that such construction must be deemed controlling, in the absence of any good reason for a contrary holding. It is only fair, however. to say that in 1880, after we had incorporated the statute in our laws, the supreme court of California, in *Boland's Estate*, 55 Cal. 310, reiterated the doctrine announced in *Haynes* v. *Meeks,* and also that in *Smith's Estate,* and, by way of giving emphasis to the views of the court, said, in effect, that the description, condition, and value of the real estate are jurisdictional facts which must appear from the petition. Again, in *Kertchem* v. *George,* 78 Cal. 597, 21 Pac. 372, the doctrine announced in *Smith's Estate* is repeated; but the court there holds.

that, unless the condition of the real estate appears in the petition or in the order of sale, the sale is void for want of jurisdiction in the court to order it.  Later, in *Devincenzi's Estate,* 119 Cal. 498, 51 Pac. 845, the same court held that an entire absence from the petition of any reference to the condition of the real estate would render the petition insufficient and the court would fail to obtain jurisdiction.  At the same time it reiterates again the doctrine announced in *Smith's Estate.*  In *Burris* v. *Kennedy,* 108 Cal. 331, 41 Pac. 458, the same court, speaking through Mr. Justice Temple, said: "I think there has been no time since 1858 when a sale of real estate would have been declared void because it omitted to give a *description* of all the real estate of which the deceased died seised or the *valuation* or *condition* of the different parcels.  \* \* \*  Section 1537 expressly required the statement of some facts which have no bearing upon the question of the necessity of the sale.  The description of the real estate or its value throw no light upon that matter.  These and some other matters are required to be stated to enable the court to exercise its discretion more intelligently after it has determined the sale to be necessary.  \* \* \* The facts showing that a sale is necessary are that there are debts, that an allowance has been made for the support of the family, or that there are expenses of administration, and that there is not sufficient money in the hands of the administrator to pay them."  And, finally, in *Levy's Estate,* 141 Cal. 639, 75 Pac. 317, decided in 1904, the same court again announced the rule in *Smith's Estate,* above.

From these cases it is apparent at once that while the supreme court of California has adhered strictly at all times since 1877 to the rule announced in *Smith's Estate,* it has not been at all consistent in applying the rule, and has apparently not given any attention to the conflicting doctrines announced in other respects.  In our view of these cases they announce two irreconcilable theories as to the purpose of the statute.  These theories are aptly illustrated in *Boland's Estate* and in *Burris* v. *Kennedy.*  In the first it is held that the condition of the

real estate is a jurisdictional fact, and the statement of such condition of the very essence of the petition. In the latter it is held that the purpose of requiring the condition to be given is to enable the court to exercise its discretion more intelligently after it has determined the sale to be necessary, and that the statement of the condition does not involve any question of jurisdiction. The decision in *Boland's Estate* follows upon the reasoning of the court in *Haynes* v. *Meeks,* while *Burris* v. *Kennedy* is founded upon the rule announced in *Smith's Estate.* We have reviewed these cases at length because of the fact that some of them are relied upon confidently by counsel for appellants, while others are just as confidently relied upon by counsel for respondents. So that we find ourselves confronted by these two theories announced by the highest court in the state from which we took our statute, and the necessity of determining which, if either, we shall adopt in this state.

Very many of the matters arising in the due course of administration of an estate may properly be characterized as routine. Many of the proceedings are *ex parte,* but one of the most prominent purposes to be accomplished is the payment of the debts of the estate. This is the point at which the interests of the estate and of third persons—creditors—meet, and much more consideration is given to this than to any other subject connected with such administration. That the debts shall be paid is the injunction of the law. Sections 4799 and 7546, Revised Codes, provide:

"Sec. 4799. When a person dies intestate, all his property, real and personal; without any distinction between them, is chargeable with the payment of his debts, except as otherwise provided in this Code and the Code of Civil Procedure."

"Sec. 7546. All the property of the decedent shall be chargeable with the payment of the debts of the deceased, the expenses of the administration, and the allowance to the family, except as otherwise provided in this Code and in the Civil Code. And the said property, personal and real, may be sold, as the court or judge may direct, in the manner prescribed in this Chapter.

There shall be no priority as between personal and real prop-
erty for the above purposes."

The exceptions in each of these sections refer to homesteads
set apart and allowances made for the support of the family
pending the appointment of an administrator, to estates in
which the property is sought to be disposed of by will, and to
estates of which summary disposition is made. But, barring
these, the sections just quoted impress upon us the idea that all
of the property of the estate is subject to the payment of the
debts, using that term in its general sense, to include debts,
family allowances, expenses, and charges of administration al-
ready accrued and to accrue.

Section 7561 provides: "When a sale of the property is neces-
sary to pay the allowance of the family or the debts outstanding
against the decedent, or the debts, expenses, or charges of ad-
ministration, or legacies, the executor or administrator may also
sell any real as well as personal property of the estate for that
purpose upon the order of the court or judge; and an applica-
tion for the sale of real property may also embrace the sale of
personal property." Taken in connection with the sections
quoted above, and sections 7611-7613, if this section means any-
thing, it is this: That the existence of debts and the inadequacy
of available funds to pay them give rise to the necessity to
sell property. (*Burris* v. *Kennedy*, above.) And, if such ne-
cessity appears, the real as well as personal property may be sold
upon an order for that purpose. When the various sections
above are considered together and with section 7651, it would
appear to be a matter of discretion in the court or judge
whether the personal property or real estate be sold first; but
whether this be so or not is of no consequence here. If, then,
the debts of the estate appear to exceed in amount the available
means at hand, it may fairly be said to appear that a sale is
necessary; and, if real estate is to be sold, the court or judge
may properly consult the recitals of the petition as to the con-
dition of the real estate to determine whether all or only a por-

tion should be sold, and, if only a portion, then what particular portion.

In our opinion the requirement of section 7562, above, that the condition of the real estate be given in the petition, was not intended to confer jurisdiction upon the court, and that this petition states facts sufficient to authorize the court to proceed. We think the rule announced in *Smith's Estate,* above, not many years after the statute was adopted in California, correctly represents the purpose of the legislature in requiring the condition to be stated in the petition, and in adopting the statute we ought to give full force and effect to the rule of construction then placed upon it, and which seems in perfect harmony with our other statutory provisions. The result of the application of that rule leads to the conclusion announced in *Burris* v. *Kennedy,* above.

It is said that the value of the real estate sought to be sold is not stated in the petition; and, while there is room for argument as to the meaning of the statement contained in the petition, when tested by strict rules of grammatical construction, we think it may be said that it fairly appears that the petitioner meant that the property described and sought to be sold is appraised at $2,000. Since it appears from this record that the appraisement was had less than a year prior to the presentation of the petition to sell, it is a sufficient statement of the value. (*Silverman* v. *Gundelfinger,* 82 Cal. 548, 23 Pac. 12; *Levy's Estate,* above.) We do not mean to say that the statements of the condition and value of the real estate are inconsequential matters, but we do mean to say that they are not matters of jurisdiction. They are intended to give to the court a better idea of the property belonging to the estate before an order of sale is made; and, upon review on appeal in the probate proceeding itself, this court would be justified in applying the statute with some rigor, to the end that the errors might be corrected and the purposes of the statute fully carried out. But after the sale has been made and confirmed, and purchasers have parted with their money and have gone into possession of the property,

upon a collateral attack this court would not be justified in setting aside the proceedings and holding them for naught because of a defect of this character.

2. It is next contended that there was not any competent evidence that an order to show cause why the real estate should not be sold was ever made. In the minute-book kept for probate proceedings, as required by section 7701, there is an order to show cause entered at length. It is true that it purports to bear the signature of the district judge, but the signature is by the clerk of the court who entered the order. Since, however, the statute does not require that an order made in open court shall be signed by the judge, we may properly treat the signature as surplusage and the entry sufficient evidence of the fact that the order was duly made. There is not any requirement of law that the clerk shall recite that the order was made; but he is required to enter the order as made.

3. It is said that the order of sale is void because "(a) it fails to describe the terms and conditions of sale; (b) it fails to order a public sale or to adjudge that it would be for the benefit of the estate that the property be sold at private sale; (c) the lands described in the order are not the lands described in the petition or in the administrator's deed or in the order of confirmation."

(a) It is true that the order fails to state the terms of sale as required by section 7569; but that section limits the terms which may be made to cash or credit for not more than one year. The return shows that the property was sold for cash and for a considerable sum more than its appraised value. After a full hearing, the district court confirmed the sale, and thereby ratified the action of the administratrix in selling for cash. It is a general rule of law that the confirmation of the sale cures all irregularities in the proceedings leading up to the sale. (17 Am. & Eng. Ency. of Law, 993; 18 Cyc. 793.)

(b) The petition in this instance asked for authority to sell at public or private sale, and the statute (section 7569) specifi-

cally authorized the court to make the order in the alternative, as was done in this instance.

(c) The most serious question arises over the description of the property in the order of sale. The land belonging to the estate was situated in range 26 west, and the petition for the sale, the notices of sale, the order of confirmation, and the deed correctly describe it. But in the order of sale and in the return it is described as in range 25 west. The order of sale was the warrant of authority by which the administratrix acted, and without it she could not have proceeded. (*Broadwater* v. *Richards,* 4 Mont. 80, 2 Pac. 546.) But, after all, it is but a determination that the sale is necessary and an authority to make the sale. It does not affect the title or grant any right. It is the order of confirmation which finally operates to divest the heirs of their title and to secure to the purchaser the property. (12 Cyc. 787; 11 Am. & Eng. Ency. of Law, 1114.) Section 7578, Revised Codes, provides that, when the order of confirmation is made, "the sale from *that time* is confirmed and valid."

In *Davie* v. *McDaniel,* 47 Ga. 195, the order of sale was as follows: "The application of Thomas A. Blanchard, administrator of Uriah Blanchard, to sell the lands belonging to the estate of said Uriah Blanchard, having been published according to law, and no one coming forward and objecting; it is ordered that Thomas A. Blanchard, administrator, have leave to sell the lands belonging to the estate of Uriah Blanchard, deceased." Speaking of an objection to this order, the court said: "But it is said that the order of sale is void because it does not more definitely describe the land ordered to be sold. Section 2518 of the Code requires the order to 'specify' the land 'as definitely as possible.' Conceding that the land is not so specified, yet it appears to a majority of the court that this is only directory to the ordinary, certainly not an objection which can be successfully urged in a collateral attack upon the judgment."

In considering a statute similar to our section 7569 above, the supreme court of Texas in *Davis* v. *Touchstone,* 45 Tex. 490,

said: "The provisions of the statute requiring the order to describe the property to be sold, like the provision requiring the application of the administrator to be accompanied by an estimate of expenses, claims, and to be verified by affidavit, must be regarded as directory."

"It is well settled that the description in the order of sale may be aided by other portions of the probate record." (*Crawford* v. *McDonald,* 88 Tex. 626, 33 S. W. 325.)

In *Wells* v. *Polk,* 36 Tex. 120, the order of sale referred to the land as any land and as much land of the estate as will suffice to pay the debts of the estate; and of this the court said: "Though there may have been irregularity in the order of the probate court, it was not such as to render the proceeding absolutely void; and it cannot, therefore, be collaterally impeached. The probate court had jurisdiction to order the sale of the land, and, though the order may not have been made in the precise manner pointed out by the statute, it was not void."

In *Schnell* v. *City of Chicago,* 38 Ill. 382, 87 Am. Dec. 304, the inventory and order of sale each described the land as in section 23, while in fact it was in section 33. The court said: "The petition describes the land correctly as in section 33, but the order of sale directs that the land in the petition be sold, namely, lots 45, 46, 48, and 49, in section 23. The notice of the sale contained a true description of the location of the lots, and so does the deed from the administrator to the appellee. If the intestate was shown to have possessed lands in section 23. or if it had been shown that section 23 had been subdivided into outlots, numbered as these are numbered, there might be some ground for the objection. But nothing of the kind is shown, and this misdescription of the section in the inventory and order of sale must be held to be a mere clerical error, not affecting the validity of the sale, since it is clear the proper lots prayed to be sold were sold, and were the lots intended to be sold. The description is as particular in the petition as in the inventory and order of sale, and the lands described in the petition were the lands ordered to be sold."

Counsel for respondents cite *Hanson* v. *Ingwaldson,* 77 Minn. 533, 77 Am. St. Rep. 692, 80 N. W. 702, and *Melton* v. *Fitch,* 125 Mo. 281, 28 S. W. 612, as leading cases which hold a sale void under such circumstances as here presented. It will be observed however, that in *Hanson* v. *Ingwaldson* the court said: "But the records of the probate court received in evidence show that in the inventory of Hanson's estate, *and in all other records and papers* relating to the sale, except the administrator's deed, the land was described as situate in section 13, township 101, range 5, instead of range 6." And in Missouri it would appear that the rule that reference may be had to other probate records to aid the order is not recognized.

In the case before us the petition to sell the real estate correctly describes it, and declares it to be "all the real estate of which the deceased died seised or in which he had any interest, or in which said estate has since acquired any interest." In the order of sale reference is made to the petition, and the court having found that due publication of the order to show cause had been made, and it appearing to the court that it was necessary and for the best interests of the estate and all parties interested therein *"that the real estate of the decedent"* should be sold, the order was accordingly made. In her return of the sale the administratrix states that she caused notices to be given of the intended sale, in which notices the land was described with common certainty (and correctly described), and at the time and place mentioned in the notices she sold *said real estate.* In the order of confirmation the court recites that, after a full hearing, it appeared that the administratrix had sold the land, correctly described, to the highest and best bidder, etc., "and, all and singular the law and the premises being by the court here seen, heard, understood, and fully considered, wherefore it is by the court ordered, adjudged, and decreed that the *said sale* be and the same is hereby confirmed and approved and declared valid, and the proper and legal conveyances of said real estate are hereby directed to be executed to said purchaser by said Mary Boyer, administratrix of the estate of said Neptune

Lynch, Sr., deceased.'' It further appears that on the same day the administratrix executed and delivered to the purchaser a deed for the property, again correctly describing it. From a consideration of all these records we think it clearly appears that the misdescription in the order of sale is but a clerical error.

If the estate had been interested in more than one piece or parcel of land, and after a hearing the district court or judge had directed one parcel or a number of parcels less than all to be sold, then the importance of the description in the order would become manifest at once. But, under the circumstances of this case, where there was but a single piece of land involved, and it was correctly described throughout by sectional subdivisions, by section and township, and accurately described in the petition and the notices of sale, in the order of confirmation and in the deed, and the order of sale refers to the petition and attempts to direct the sale of the same property; where the sale appears to have been fairly conducted and no one could possibly be injured or misled by the mistake in the order; where the purchaser has parted with his money and the estate has, and indirectly these heirs have, reaped the benefit; where the purchaser has been let into possession, and, acting in good faith, has changed its situation, has sold a large portion of the property to others, city additions have been platted from portions of the land, and a considerable time has elapsed—we do not think the mere mistake in writing into the order the figures ''25'' for ''26'' should be held to vitiate the entire proceeding. ''Public policy requires that there should be stability in judicial sales, and therefore every reasonable presumption should be indulged in favor of sustaining them, and they should not be disturbed for slight causes, nor should the courts be astute in finding out objections to them.'' (17 Am. & Eng. Ency. of Law, 994.)

If, then, the court had jurisdiction to make the order, and the order itself is not void, any defects in the proceedings were errors within jurisdiction and subject to review on appeal in the probate proceedings only, and not subject to attack in a col-

lateral proceeding such as this.    As was said in *Devincenzi's Estate,* above: "The order of sale was made May 12, 1896, and was an appealable order.    Any error that the court may have committed in making it could have been corrected only upon a direct appeal therefrom.    If, however, the petition upon which the order was made is so defective that the court did not acquire jurisdiction, the order may be assailed at any time upon a collateral as well as upon a direct attack; but, if the facts stated in the petition were sufficient to confer jurisdiction upon the court to hear the application, its order directing a sale cannot be impeached upon a collateral attack.    (*Morrow* v. *Weed,* 4 Iowa, 77, 66 Am. Dec. 122; *Bryan* v. *Bauder,* 23 Kan. 95; *Burris* v. *Kennedy,* 108 Cal. 331, 41 Pac. 458.)"    And in *McNitt* v. *Turner,* 16 Wall. 352, 21 L. Ed. 341: "Jurisdiction is authority to hear and determine.    It is an axiomatic proposition that when jurisdiction has attached, whatever errors may subsequently occur in its exercise, the proceedings, being *coram judice,* can be impeached collaterally only for fraud.    In all other respects it is as conclusive as if it were irreversible in a proceeding for error."    (See, also, 18 Cyc. 802.)

Whatever may be said of the particular means by which the payment for the property was made, in law it amounted to a payment of the purchase price to the administratrix.    Apparently McGowan, the purchaser, parted with his money in good faith, and received a deed for the property.    The failure of the petition to comply literally with section 7562, and to state all the facts required by that section to be stated, and the other errors. herein considered, amount only to irregularities in the proceedings, which are to be disregarded; for section 7625 provides that a sale by an administratrix of her decedent's real estate to a purchaser for a valuable consideration paid to such administratrix in good faith (and such sale has not been set aside by the district court) shall be sufficient to sustain the deed given by such administratrix to the purchaser, and all irregularities in obtaining the order of court for such sale, and all irregularities. in making or conducting the same by such administratrix shall

be disregarded. In our opinion the probate proceedings were not so far irregular or defective as to render the sale void or open to collateral attack.

The judgment and order are reversed, and the cause is remanded to the district court, with directions to set aside the judgment and order heretofore made, and to enter a decree in favor of the plaintiffs, quieting their title to the land in controversy.

*Reversed and remanded.*

Mr. Justice Smith concurs.

Mr. Chief Justice Brantly: I dissent. I think that the petition for the order of sale fails to meet substantially the requirements of the statute, and that the order itself is fatally defective, in that it describes property other than that belonging to the estate. I think the proceedings void.